UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR ENCARNACION and THE BRONX DEFENDERS<br><br>Plaintiffs,<br><br>– against –<br><br>CITY OF NEW YORK<br><br>Defendant. | **COMPLAINT**<br>**16 CV 156**<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1. It is axiomatic that the government may not seize property without due process of law. Yet the City of New York (the "City"), operating through and in conjunction with the New York City Police Department ("NYPD"), has a policy, pattern, and practice of unconstitutionally retaining cash and other personal property long after any legal basis to do so has expired. Each year thousands of New Yorkers lose their cash, phones, and other personal property because of the City's unlawful policy and practice.

2. When someone is arrested, the NYPD routinely seizes their personal property and records it in a computerized invoicing system that tracks and categorizes it. Property that the NYPD presumes may be relevant to the underlying arrest—including non-contraband personal property like cell phones and cash—is categorized as "Arrest Evidence." The NYPD requires that a person seeking to retrieve such personal property must first obtain a release from the District Attorney's Office ("DA Release"). In theory, the purpose of the DA Release is to ensure that the prosecutor has an opportunity to determine whether the property is needed as evidence in the criminal case.

3. Once the criminal case is terminated, however, and the time to appeal has lapsed, the District Attorney's presumptive interest in Arrest Evidence dissolves. Where no trial or appeal could possibly occur, the personal property can no longer be putative evidence. Although the United States Constitution mandates that the government demonstrate a new legal basis to retain property once all criminal proceedings related to the property have terminated, the NYPD continues to retain property and refuses to release it until claimants obtain a DA Release—even where all charges have been dismissed and sealed.

4. Obtaining a DA Release is no easy task, especially because after a case is terminated there is no longer a prosecuting attorney assigned to it. In the Bronx, the District Attorney's Office frequently fails to respond to requests for DA Releases after the termination or dismissal of criminal proceedings, even in response to a formal demand. When claimants inform the NYPD that a request for a DA Release has been ignored, the City fails to provide an alternate recourse or assistance.

5. Victor Encarnacion is one of the many people whose rights are being violated by the City's unlawful policy and practice. He was arrested in November 2014 and his case was dismissed in May 2015. When he was arrested, the NYPD seized his Apple iPhone and $1,399 in wages that he was carrying from his employer. Although his case was dismissed, all records pertaining to his case were sealed, the time for the District Attorney to appeal lapsed, and although he has made multiple demands for his property, the NYPD still refuses to return his property.

6. Mr. Encarnacion was represented in his criminal case by The Bronx Defenders, a not-for-profit organization that provides criminal defense and civil legal services to low-income people in the Bronx. Advocates and attorneys at The Bronx Defenders assist hundreds of clients

every year who are attempting to retrieve property seized pursuant to an arrest. The Bronx Defenders expends considerable resources attempting to obtain releases from the District Attorney and property from the NYPD for clients like Mr. Encarnacion whose property is being unlawfully held by the NYPD.

7. When a case is terminated, the time for appeal has lapsed, and the government has not established a new legal basis to retain property, the NYPD must return requested non-contraband Arrest Evidence to claimants, regardless of whether they seek or can obtain a DA Release. Mr. Encarnacion and The Bronx Defenders (collectively "Plaintiffs") bring this civil rights lawsuit to remedy the continuing violation of their rights secured by 42 U.S.C. § 1983; the Fourth and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York.

## PARTIES

8. Plaintiff VICTOR ENCARNACION is a resident of Bronx County, New York.

9. Plaintiff THE BRONX DEFENDERS ("BXD") is a 501(c)(3) not-for-profit organization that provides free legal services to tens of thousands of New Yorkers every year on a wide range of matters, from defending the accused in criminal cases to vindicating property owner's rights in civil forfeiture cases to representing parents accused of abuse and neglect. BXD is duly incorporated in New York State and has its principal place of business in New York City.

10. Defendant CITY OF NEW YORK (the "City") is a municipal corporation duly incorporated in New York State. The City of New York has established, maintains, and operates the NYPD as a constituent department or agency. Pursuant to local law, the Property Clerk Division of the NYPD ("NYPD Property Clerk") is responsible for accepting, vouchering,

safeguarding, storing, producing as required by court, returning to legal owner, or otherwise lawfully disposing of all property coming into custody of the NYPD.

## JURISDICTION AND VENUE

11. This action is authorized by 42 U.S.C. § 1983. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4) because this action seeks redress for violations of Plaintiffs' rights under the United States Constitution.

12. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights of the parties and to grant all further relief deemed necessary and proper.

13. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

14. Venue is proper in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Counties of the Bronx and New York.

## FACTUAL BACKGROUND

**I.  The City's Property Retention Policy**

15. Every year the NYPD makes over three hundred thousand arrests. In the vast majority of these cases, the arresting officers seize some form of property from the person arrested. This property is recorded in the Property and Evidence Tracking System ("PETS") by an NYPD officer, who also designates the property as one or more categories; for instance, held for safekeeping during the booking and arraignment process, necessary as Arrest Evidence, or subject to an additional civil or criminal forfeiture process ("Forfeiture").

16. The authority to retain property after arrest as evidence in a criminal investigation or proceeding is vested in the NYPD Property Clerk by local law in the New York City Administrative Code ("Admin. Code") § 14-140.

17. The City's policy concerning the return of property seized pursuant to an arrest is set forth in the Rules of the City of New York ("RCNY"). *See* 38 RCNY 12-31, *et seq*.

18. The NYPD broadly exercises its discretion to hold non-contraband property as Arrest Evidence where it perceives any "relation to the matter for which the person has been arrested." 38 RCNY § 12-3. In drug-related arrests, for example, the NYPD routinely designates seized U.S. currency as Arrest Evidence.

19. The City's policy requires the NYPD to return Arrest Evidence to the claimant after timely demand, if the claimant presents proper identification, a property voucher created through the PETS system, and a DA Release. 38 RCNY § 12-35(b).

20. Pursuant to City regulations, a District Attorney is only permitted to retain Arrest Evidence after the termination of criminal proceedings if they establish that the property is still needed as evidence for: (a) a pending appeal; (b) a collateral attack or notice that a collateral attack will be commenced; (c) another specifically identified criminal proceeding; or (d) an ongoing identifiable criminal investigation. 38 RCNY § 12-34(d).

21. If the City seeks to retain Arrest Evidence for some reason other than the above, it must initiate a forfeiture action in court and prove that the claimant's right to the property is superseded or nonexistent. 38 RCNY § 12-36.

22. The City does not require the District Attorney to take any affirmative steps or bear any burden to indicate their intention to retain personal property as Arrest Evidence after the criminal case related to the property is terminated. If the claimant is unable to secure a DA

Release within 270 days of submitting a request to the NYPD Property Clerk for the return of Arrest Evidence after the termination of a criminal case, the City's policy maintains that the NYPD "may dispose of the property according to law." 38 RCNY § 12-35(d). Thus, if the District Attorney fails to respond to a request for a DA Release or refuses to produce one within 270 days after the claimant's demand to the NYPD, the claimant will never get his or her personal property back. The City maintains this policy even where the case has been dismissed and thus "deemed a nullity," N.Y. Crim. Proc. Law § 160.60, and regardless of whether the District Attorney or the NYPD has asserted any legal basis to retain the property.

**II.     Facts Regarding Victor Encarnacion**

23.    In November 2014, Mr. Encarnacion was working for GT Plumbing & Heating Inc., and was paid his wages in cash.

24.    On or about November 7, 2014, Mr. Encarnacion was arrested by the NYPD.

25.    The Bronx Defenders was appointed by the court to represent Mr. Encarnacion.

26.    At the time of his arrest, Mr. Encarnacion was carrying $1,399 in U.S. currency that he had received from his plumbing job (the "Cash") and his Apple iPhone (the "Phone").

27.    The NYPD seized Mr. Encarnacion's Cash and his Phone (collectively the "Property").

28.    The Property was subsequently recorded by the NYPD into the PETS system, and the NYPD provided Mr. Encarnacion with NYPD Property Clerk Invoice Nos. 2000377584 and 2000377577.

29.    The Property was categorized as Arrest Evidence.

30. After five court appearances, including his arraignment, Mr. Encarnacion's case was dismissed on May 12, 2015. Thirty days later, all records pertaining to the case were sealed pursuant to C.P.L. § 160.50.

31. After dismissal, the District Attorney had 30 days to serve a notice of appeal under C.P.L § 460.10. A notice of appeal was never served.

32. On May 12, 2015, the day Mr. Encarnacion's criminal court case was dismissed, he made a *pro se* demand for return of his Property at the Bronx Division of the NYPD Property Clerk in the sub-basement of the Bronx County Criminal Court Building. The NYPD memorialized this demand on a form captioned "Property Clerk Division Acknowledgment of Demand."

33. Also on May 12, 2015, Mr. Encarnacion, through his counsel The Bronx Defenders, made a written request to the District Attorney for a DA Release.

34. Employees from The Bronx Defenders repeatedly left voicemail messages for the assigned Assistant District Attorney requesting a DA Release for Mr. Encarnacion's Property, including but not limited to on June 18, 2015.

35. The District Attorney's office never responded and never provided a DA Release for the Property.

36. On July 6, 2015, Mr. Encarnacion, through his counsel The Bronx Defenders, made another demand on the NYPD for return of his Property via certified mail.

37. On July 17, 2015, The Bronx Defenders went to the NYPD Property Clerk on behalf of Mr. Encarnacion and were provided a letter dated July 10, 2015, acknowledging the prior demands ("Acknowledgment Letter"). In the Acknowledgment Letter, the NYPD also acknowledged the May 12, 2015 *pro se* demand.

38. The Acknowledgement Letter stated that Mr. Encarnacion's Phone would only be returned to him with a DA Release.

39. The Acknowledgement Letter stated that the Cash had been "re-categorized" as Forfeiture in addition to Arrest Evidence. According to the Acknowledgement Letter, if the NYPD decided against pursuing civil forfeiture, a DA Release would still be required for return of the Cash.

40. On September 3, 2015, Mr. Encarnacion and an employee from The Bronx Defenders went to the District Attorney's Office in the Bronx County Criminal Court Building and requested a DA Release. The request was orally denied without any justification or additional information. They then went to the NYPD Property Clerk's office and requested the Property. The request was denied because, the Property Clerk stated, they did not have a DA Release.

41. At no time did the NYPD dispute that the case against Mr. Encarnacion had terminated. At no time did the NYPD proffer that the District Attorney had affirmatively established that the Property still needed to be retained as evidence for any reason whatsoever. To the extent the NYPD intended to seek forfeiture of the Cash, that time has lapsed. Beginning with the formal demand on July 9, 2015, the NYPD had 25 days to file a civil forfeiture proceeding in a court with proper jurisdiction. The NYPD never filed any such action and therefore they are statutorily barred from doing so. 38 RCNY 12-36(a).

42. Even though the criminal charges against Mr. Encarnacion have been dismissed and sealed, the possibility of appeal is null, and the NYPD is barred from filing a forfeiture action, the NYPD refuses to return Mr. Encarnacion's Property.

43. As a result of the NYPD's refusal to return his Property, Mr. Encarnacion has suffered and continues to suffer the loss of his Cash and Phone. Additionally, as a direct result of the NYPD's actions, Mr. Encarnacion also incurred expenses terminating the installment contract for the Phone and replacing it with a new phone. For these injuries, Mr. Encarnacion seeks compensatory damages.

### III. Facts Regarding The Bronx Defenders

44. The Bronx Defenders often assists clients whose property was improperly retained pursuant to the City's unlawful policy and practice. Considerable staff resources are tied up in navigating the many bureaucratic hurdles required to retrieve property.

45. On average, The Bronx Defenders handles over 500 matters a year relating to retrieving clients' property seized pursuant to an arrest. Many of these clients are similarly situated to Mr. Encarnacion—their criminal cases are terminated and the NYPD refuses to return their property without a DA Release.

46. Employees of The Bronx Defenders must routinely expend resources to make telephone calls and write e-mails or letters to the District Attorney's Office requesting DA Releases for clients whose cases have been terminated. They also routinely assist clients in making and following up on demands to the NYPD.

47. The Bronx Defenders also assists people who are not clients when their property is retained by the NYPD. In fact, the Bronx Division of the NYPD Property Clerk refers claimants almost daily to The Bronx Defenders for assistance when it refuses to return property.

48. The Bronx Defenders must expend considerable resources trying to extract property from the NYPD as a result of the City's unlawful policy and practice of requiring a DA Release to retrieve property after a case is closed.

## FIRST CLAIM FOR RELIEF
Violation of Due Process under the Fourteenth Amendment
(All Plaintiffs against the City)

49. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 48, above.

50. By adopting, implementing, and enforcing a policy and practice of refusing to return Arrest Evidence without a DA Release when the criminal proceeding related to the property is terminated, the City intentionally and under color of state law has denied Plaintiffs their right to due process in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF
Violation of the Fourth Amendment
(All Plaintiffs against the City)

51. Mr. Encarnacion hereby realleges and incorporates by reference paragraphs 1 through 50, above.

52. By adopting, implementing, and enforcing, a policy and practice of refusing to return seized Arrest Evidence without a DA Release or new legal predicate when the criminal proceeding related to the property is terminated, the City intentionally and under color of state law has denied Plaintiffs their rights in violation of the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## THIRD CLAIM FOR RELIEF
Recovery of Chattels: Replevin
(Plaintiff Encarnacion against the City)

53. Mr. Encarnacion hereby realleges and incorporates by reference paragraphs 1 through 52, above.

54. The conduct of the City in failing to return Mr. Encarnacion's Cash and Phone unless a DA Release is provided is without lawful justification, is in wrongful disregard of Mr. Encarnacion's ownership and superior rights to possession, and constitutes an unlawful detention of his Cash and Phone.

**FOURTH CLAIM FOR RELIEF**
Conversion
(Plaintiff Encarnacion against the City)

55. Mr. Encarnacion hereby realleges and incorporates by reference paragraphs 1 through 54, above.

56. The conduct of the City in failing to return Mr. Encarnacion's Cash and Phone unless a DA Release is provided is without lawful justification, is in wrongful disregard of Mr. Encarnacion's ownership and superior rights to possession, and constitutes an unlawful conversion of his Cash and Phone.

**FIFTH CLAIM FOR RELIEF**
Breach of Bailment Contract
(Plaintiff Encarnacion against the City)

57. Mr. Encarnacion hereby realleges and incorporates by reference paragraphs 1 through 56, above.

58. Upon seizure of Mr. Encarnacion's Cash and Phone at the time of his arrest, the City became the bailee of the same by operation of law.

59. The conduct of the City in refusing Mr. Encarnacion's demand for return of his Cash and Phone, and subsequent failure to return the Cash and Phone unless a DA Release is provided, is without lawful justification and constitutes breach of a bailment contract.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that this Court:

1. Declare that Defendant's policy and practice have violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution;

2. Declare that Admin. Code § 14-140 and 38 RCNY § 12-31, *et seq*. are unconstitutional as applied;

3. Order all appropriate injunctive relief as warranted, including but not limited to:

    a. ordering Defendant to release Mr. Encarnacion's Phone to him; and

    b. ordering the City to promulgate, enact, follow, and enforce new policies that ensure the NYPD properly releases non-contraband Arrest Evidence to a claimant once there is no longer a criminal proceeding pending and the time to file an appeal has lapsed;

4. Award compensatory damages to Mr. Encarnacion in the amount of the monies that were seized from him at his arrest, the replacement costs for his Phone, and all applicable interest;

5. Award disbursements, costs, and attorneys' fees pursuant to 42 U.S.C. § 1988; and

6. Such other and further relief that may be just and proper.

Dated: January 8, 2016
Bronx, New York

                                               Respectfully submitted,

                                               THE BRONX DEFENDERS

                                By: _____

                                               Mariana (Molly) Kovel (MK 3789)
                                               Adam N. Shoop (AS 2015)
                                               Johanna B. Steinberg (JS 6289)
                                               360 East 161st Street
                                               Bronx, New York 10451
                                               (718) 838-7878
                                               mollyk@bronxdefenders.org
                                               adams@bronxdefenders.org
                                               johannas@bronxdefenders.org

                                               *Attorneys for Plaintiffs*