UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

VICTOR ENCARNACION and
THE BRONX DEFENDERS,

                                    Plaintiffs,

                  - against -

CITY OF NEW YORK,

                                    Defendant.

---------------------------------------------------------------------- x

**ANSWER TO COMPLAINT**

16 CV 156 (DLC)

THE CITY OF NEW YORK ("Defendant"), by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully allege, upon information and belief, as follows:

    1.    Neither admits nor denies the allegations set forth in the first sentence of paragraph "1" of the Complaint to the extent that they constitute argument and conclusions of law, to which no response is required, but, to the extent that the Court deems a response necessary, denies such allegations. Denies the allegations set forth in the second and third sentences of paragraph "1" of the Complaint.

    2.    Denies the allegations set forth in paragraph "2" of the Complaint insofar as they allege or purport to allege that New York City Police Department ("NYPD") acted improperly or contrary to law.

    3.    Neither admits nor denies the allegations set forth paragraph "3" of the Complaint as they constitute argument and conclusions of law, to which no response is required, but, to the extent that the Court deems a response necessary, denies such allegations; and further denies so much of the allegations as purports to describe the polices and practices of the NYPD.

    4.    Denies the allegations set forth in paragraph "4" of the Complaint.

5.  Denies the allegations set forth in first sentence of paragraph "5" of the Complaint. Admits the allegations set forth in the second sentence of paragraph "5" of the Complaint. Denies knowledge or information sufficient to for a belief as to the truth of the allegations set forth in the third sentence of paragraph "5" of the Complaint, except admits that NYPD sized an Apple I phone and $1,399.00 in United States Currency from plaintiff when he was arrested. Denies the allegations set forth in the fourth sentence of paragraph "5" of the Complaint.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of paragraph "6" of the Complaint, except admit that Plaintiff Encarnacion was represented by the Bronx Defenders in the criminal proceedings. Denies the allegations set forth in the third sentence paragraph "6" of the Complaint.

7.  Neither admits nor denies the allegations set forth in the first sentence of paragraph "7" of the Complaint to the extent that they constitute argument and conclusions of law, to which no response is required, but, to the extent that the Court deems a response necessary, denies such allegations. Denies the allegations set forth in the second sentence of paragraph "7" of the Complaint.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies that the allegations set forth in paragraph "10" of the Complaint fully and accurately describe the formation of the NYPD and the responsibilities of the NYPD

Property Clerk and respectfully refers the Court to the New York City Charter ("Charter") and the New York City Administrative Code ("Administrative Code) for a full and accurate description.

11. Denies the allegations set forth in paragraph "11" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of this Court as set forth therein.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of this Court as set forth therein.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of this Court as set forth therein.

14. Denies the allegations set forth in paragraph "14" of the Complaint, except admits that plaintiffs purport to base venue as set forth therein.

15. Admits the allegations set forth in the first paragraph "15" of the Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph "15" of the Complaint. Denies that the allegations set forth in the third sentence of paragraph "15" of the Complaint fully and accurately describe NYPD's procedure and practice for recording property in the Property and Evidence Tracking System ("PETS").

16. Denies so much of the allegations set forth in paragraph "16" of the Complaint as is inconsistent with the cited Administrative Code provision and respectfully refers the Court to §14-140 of the Administrative Code and the relevant RCNY provisions for a full and accurate statement of their content and effect.

17. Denies that the allegations set forth in paragraph "17" of the Complaint fully and accurately describe the policies and procedures of the City of New York and

respectfully refers the Court to Title 38 Section 12-31 of the RCNY *et seq.* for a full and accurate statement of their contact and affect.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except denies that the second sentence fully and accurately describes the policies and practices of the NYPD.

19. Denies so much of the allegations set forth in paragraph "19" of the Complaint as is inconsistent with 38 RCNY § 12-35(b) and respectfully refers the Court thereto for a full and accurate statement of its content and effect.

20. Denies that the allegations set forth in paragraph "20" of the Complaint fully and accurately describe the City regulations and respectfully refers the Court to 38 RCNY § 12-34(d) for a full and accurate statement of its content and effect.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies the that the allegations set forth in paragraph "22" of the Complaint fully and accurately describe the policy and practices of the City of New York and respectfully refers the Court to the RCNY provisions for a full and accurate statement of their content and effect.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Admits the allegations set forth in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint, except admits that at the time of

4

his arrest, Plaintiff Encarnacion was carrying $1,399.00 in United States Currency (the "Money") and an Apple iPhone.

    27.    Admits the allegations set forth in paragraph "27" of the Complaint.

    28.    Admits the allegations set forth in paragraph "28" of the Complaint.

    29.    Admits the allegations set forth in paragraph "29" of the Complaint, except avers that the Money was later recategorized as "Forfeiture Evidence" in PETS.

    30.    Admits the allegations set forth in paragraph "30" of the Complaint.

    31.    Denies so much of the allegations set forth in paragraph "31" of the Complaint as is inconsistent with the cited provision and respectfully refers the Court to the cited provision for a full and accurate statement of its content and effect, except admits that no notice of appeal was served in Plaintiff Encarnacion's criminal proceeding.

    32.    Denies the allegations set forth in paragraph "32" of the Complaint, except admits that on May 12, 2015, Plaintiff Encarnacion made a pro se demand for the return of the Money from the NYPD property clerk for which NYPD issued a Property Clerk Division Acknowledgement of Demand.

    33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint, except admits that according to the records of the Bronx District Attorney's Office, Plaintiff Encarnacion made a request for a DA Release.

    34.    Denies the allegations set forth in paragraph "34" of the Complaint.

    35.    Denies the allegations set forth in paragraph "35" of the Complaint.

    36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint, except admits that the NYPD

received correspondence by certified mail from the Bronx Defenders on or about July 10, 2015 requesting the return of Plaintiff Encarnacion's iPhone and Money.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the first sentence of paragraph "37" of the Complaint, except admit that NYPD issued a July 17, 2015 letter to the Bronx Defenders and respectfully refers the Court thereto for a full and accurate statement of its content and effect.

38. Denies so much of the allegations set forth in paragraph "38" of the Complaint as is inconsistent with July 17, 2015 letter from NYPD and respectfully refers the Court to the July 17, 2015 letter for a full and accurate statement of its content and effect.

39. Denies so much of the allegations set forth in paragraph "39" of the Complaint as is inconsistent with July 17, 2015 letter from NYPD and respectfully refers the Court to the July 17, 2015 letter for a full and accurate statement of its content and effect.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Denies the allegations set forth in the first sentence of paragraph "41" of the Complaint. Denies the allegations set forth in the second sentence of paragraph "41" of the Complaint as they are too vague to respond to. Admits the allegations set forth in the third sentence of paragraph "41" of the complaint. Denies the allegations set forth in the fourth and fifth sentences of paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint, except admits that the criminal charges against Plaintiff Encarnacion have been dismissed and sealed and the DA is not seeking an appeal and NYPD is not pursuing a forfeiture action.

43. Denies the allegations set forth in paragraph "43" of the Complaint, except admits that plaintiffs purport to proceed as set forth therein.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint, except denies the allegations set forth in paragraph "45" of the Complaint insofar as they allege or purport to allege that Defendant acted improperly or contrary to law.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "47" of the Complaint. Denies the allegations set forth in the second sentence of paragraph "47" of the Complaint

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. In response to the allegations set forth in paragraph "49" of the Complaint, Defendant repeats and realleges all the preceding paragraphs of this Answer, as if fully set forth herein.

50. Denies the allegations set forth in paragraph "50" of the Complaint.

51. In response to the allegations set forth in paragraph "51" of the Complaint, Defendant repeats and realleges all the preceding paragraphs of this Answer, as if fully set forth herein.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. In response to the allegations set forth in paragraph "53" of the Complaint, Defendant repeats and realleges all the preceding paragraphs of this Answer, as if fully set forth herein.

54. Denies the allegations set forth in paragraph "54" of the Complaint.

55. In response to the allegations set forth in paragraph "55" of the Complaint, Defendant repeats and realleges all the preceding paragraphs of this Answer, as if fully set forth herein.

56. Denies the allegations set forth in paragraph "56" of the Complaint.

57. In response to the allegations set forth in paragraph "57" of the Complaint, Defendant repeats and realleges all the preceding paragraphs of this Answer, as if fully set forth herein.

58. Denies the allegations set forth in paragraph "58" of the Complaint and respectfully refers the Court to the Administrative Code and RCNY provisions governing the retention of Arrest Evidence by the NYPD Property clerk for a full and accurate description of their content and effect.

59. Neither admits nor denies the allegations set forth in paragraph "59" of the Complaint to the extent that they constitute argument and conclusions of law, to which no response is required, but, to the extent that the Court deems a response necessary, denies such allegations.

60. Denies that plaintiff is entitled to the relief set forth in the "WHEREFORE" clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

61. This Court lacks subject matter jurisdiction to hear the Complaint as Plaintiff Encarnacion's claims with regard to the iPhone are moot.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

62. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

63. Plaintiff the Bronx Defenders lacks organizational or associational standing to challenge the Administrative Code and RCNY provisions governing the release of arrest evidence.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

64. Plaintiff Encarnacion lacks standing to challenge the Administrative Code and RCNY provisions governing the release of arrest evidence.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

65. Defendant has not violated any rights, privileges, or immunities reserved to the plaintiffs by the Constitution or laws of the United States or the State of New York, nor has the Defendant violated any act of Congress provided for protection of civil rights.

66. Any actions undertaken by Defendant with regard to the plaintiffs were in all respects reasonable, proper, lawful and constitutional.

67. The laws, regulations, policies and customs of the City of New York are in no respect unlawful or unconstitutional, and in no way authorized, permitted, condoned or encouraged unlawful or improper conduct or caused any violation of plaintiffs' civil rights.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

68. Defendant has not adopted any policy, practice or custom in violation of plaintiffs' rights.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

69. Plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

70. The Court should decline to exercise supplemental jurisdiction over the state law claims.

**WHEREFORE,** Defendant request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         March 10, 2016

                        ZACHARY W. CARTER
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendant
                        100 Church Street
                        New York, New York 10007
                        (212) 356-2176

                        By:    _____
                                  Aviva Y. Horowitz
                                  Assistant Corporation Counsel


To:   BY ECF
      THE BRONX DEFENDERS
      Marianna (Molly) Kovel, Esq. (by e-mail)
      Adam N. Shoop, Esq. (by e-mail)
      Johanna B. Steinberg, Esq. (by e-mail)
      Attorneys for Plaintiffs