UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR ENCARNACION, KALEB HAGOS,
KENNETH CLAVASQUIN, and
THE BRONX DEFENDERS, individually and
on behalf of a class of all others similarly
situated;

                   Plaintiffs,

– against –

THE CITY OF NEW YORK

                   Defendant.

16-cv-156 (DLC)

**DECLARATION OF MICHAEL POPE IN SUPPORT OF
PLAINTIFFS' MOTION TO CERTIFY A CLASS UNDER
<u>FEDERAL RULE OF CIVIL PROCEDURE 23</u>**

Michael Pope, Esq. declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am the Legal Director at Youth Represent, a 501(c)(3) nonprofit legal services organization whose mission is to ensure that young people affected by the criminal justice system are afforded every opportunity to reclaim lives of dignity, self-fulfillment, and engagement in their communities.

2. This Declaration is made upon personal knowledge, except where otherwise noted.

3. I have worked at Youth Represent since 2010. Since that time I have represented hundreds of clients in a wide range of civil and criminal legal matters stemming from involvement with the criminal justice system.

4.  In my capacity as Legal Director, I have represented, as well as supervised attorneys representing, many clients who have had issues picking up their property after they were arrested.

5.  In 2014, I represented one such client, Ruben Vargas. I represented Mr. Vargas on a misdemeanor criminal matter under docket 2014QN010147. He was arrested in February 2014 and his cell phone and $241 in cash were seized and categorized as Arrest Evidence in the NYPD system.

6.  Mr. Vargas's criminal case resolved with a guilty plea to a non-criminal violation. Mr. Vargas is indigent. Accordingly, it was incredibly important for him to obtain the return of the seized property. Accordingly, Mr. Vargas went to the NYPD Property Clerk to request the property return. He was informed that he needed a DA Release.

7.  The Queens District Attorney's Office agreed to release the cell phone but said they would not release the cash. They would not provide a justification or reason in writing for such denial. Such facts were affirmed by Mr. Vargas under penalty of perjury on December 2, 2014 and included as "Exhibit C" on the below referenced Article 78 matter. (see ¶ 10).

8.  Mr. Vargas reached back out to my office and requested assistance. On August 4, 2014, I went to the Queens District Attorney's Office in person and requested release of the seized cash on behalf of my client. Such request was immediately denied, in which the Queens District Attorney Office informed me that they "did not release cash in drug cases."

9.  I requested to speak with a supervisor and was informed that none was available.

10. On August 8, 2014, I mailed a demand letter for the release of the property. I never received a response to this demand letter.

11. In order to vindicate my client's property rights, I had no choice but to file an affirmative case in civil court against the Queens District Attorney's Office pursuant to Article 78 of the Civil Practice Law and Rules. I did so on December 8, 2014 under Index No. 17424-14.

12. After filing and serving the matter, and my office paying the $305 in filing fees, the Queens District Attorney's Office reached out to me and immediately agreed to issue a Release of Property form for the full $241 of my client's money being wrongfully held. Accordingly, I withdrew the matter on January 5, 2015.

Dated: 6/7/16
New York, NY

Michael Pope, Esq.
Youth Represent
11 Park Place Suite 1512
New York NY 10007