SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------X
In the Matter of the Application of
RUBEN VARGAS

                        Petitioner,

For a judgment pursuant to Article 78
of the Civil Practice Law and Rules,

     — against —

RICHARD BROWN, in his official capacity as
QUEENS COUNTY DISTRICT ATTORNEY

                        Respondent.
----------------------------------------X

Index No. 17424-14

**NOTICE OF PETITION**

PLEASE TAKE NOTICE that upon the verified petition of RUBEN VARGAS, sworn to on DECEMBER 1, 2014 and the attached exhibits and memorandum of law, petitioner will request this Court at 2:15 PM ~~9:30 AM~~ on the 14TH DAY OF JANUARY, 2015 at the Supreme Court of the State of New York, County of Queens at 88-11 Sutphin Blvd., Jamaica NY 11435 for a judgment, pursuant to the Civil Practice Law and Rules, granting Petitioner judgment pursuant to Article 78 and for such other and further relief this Court may deem just and proper.

Dated: NEW YORK, NEW YORK
        DECEMBER 1, 2014

Respectfully submitted,

_____
Michael C. Pope, Esq.
Youth Represent
*Attorney for Petitioner*
11 Park Place, Suite 1512
New York, New York 10007
(646) 759-8082
Fax: (646) 217-3097

Richard Brown, Esq.
Queens County District Attorney
125-01 Queens Blvd.
Kew Gardens, New York 11415

RECEIVED
DEC – 3 2014
COUNTY CLERK
QUEENS COUNTY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
──────────────────────────────────────X
In the Matter of the Application of                    Index No. _____
RUBEN VARGAS

                              Petitioner,

For a judgment pursuant to Article 78
of the Civil Practice Law and Rules,                   **VERIFIED PETITION**

       — against —

RICHARD BROWN, in his official capacity as
QUEENS COUNTY DISTRICT ATTORNEY

                              Respondent.
──────────────────────────────────────X

      Petitioner Ruben Vargas, by and through his attorney, Michael C. Pope, submits this verified petition pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR"), and respectfully alleges as follows:

      1.    This is an action for a judgment pursuant to CPLR Article 78 issuing a mandamus (i) compelling Respondent to perform the duties required by 38 RCNY § 12-34 by issuing a release of Petitioner's property and (iii) granting such other and further relief as this Court may deem appropriate and equitable.

## THE PARTIES

      2.    Petitioner Ruben Vargas is nineteen years old and resides in Queens, New York.

      3.    Respondent Richard Brown is the District Attorney for Queens County, office located at 125-01 Queens Boulevard, Kew Gardens, New York 11415.

      4.    As District Attorney, Respondent's responsibility is to prosecute all "crimes and offenses cognizable by the courts of" Queens County. (NY County Law § 700).

1

## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this proceeding pursuant to CPLR §§ 7803 (1) and 7804 (b).

6. Venue is properly set where the "material events took place." (CPLR § 506 (b); *see* § 7804(b)). Queens County is the proper venue for this action because Respondent's failure to perform their legal duties occurred in Queens County.

## STATEMENT OF FACTS

7. On February 25, 2014, Mr. Vargas was arrested by the NYPD and charged with menacing in the third degree (Penal Law 120.15); unlawful possession of marihuana (Penal Law § 221.05 ); criminal possession of a weapon in the fourth degree (Penal Law§ 265.01(2)); and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03).

8. Immediately after his arrest, the NYPD seized three cellular phones and $241.00 in cash from Mr. Vargas. (Plaintiff's exhibit A).

9. The NYPD gave Mr. Vargas two property clerk invoices—one invoice listed his three cell phones, and the other invoice listed his $241.00 in cash. On both invoices, the NYPD marked the property as "Arrest Evidence." *id.*

10. On July 23, 2014, Mr. Vargas pled guilty to Disorderly Conduct, Penal Law § 240.20, a violation of the law, but not a criminal conviction. All other charges against him were dismissed. (Plaintiff's exhibit B).

11. On August 4, 2014, Mr. Vargas went to the Queens County District Attorney's Office located at 125-01 Queens Boulevard, Kew Gardens, New York 11415, and requested that the District Attorney issue a release letter of the property being held by the NYPD as evidence.

As there was a final judgment on his case, the property would no longer be needed as evidence. The District Attorney's office told Mr. Vargas they would release the cellular phones, but refused to release the cash. (Affirmation of Plaintiff, Plaintiff's exhibit C, 9-12, hereinafter "Vargas Aff.").

12. The District Attorney's office gave no documentation to Mr. Vargas explaining their refusal to release his $241.00 in cash. *id.*

13. On August 4, 2014, Michael Pope, Esq. also went to the Queens District Attorney's Office, located at 125-01 Queens Boulevard, Kew Gardens, New York, 11415, and requested that they issue a release for all of Mr. Vargas's property. Mr. Pope was informed verbally that Mr. Vargas's cash would not be returned to Mr. Vargas.

14. The District Attorney's office gave no documentation to Mr. Pope explaining their refusal to release his client, Mr. Vargas's, $241.00.

15. On August 8, 2014, Mr. Vargas returned to the Queens County District Attorney's Office, located at 125-01 Queens Boulevard, Kew Gardens, New York 11415, and requested that they issue a release of all of his property, including the cash. (*See* Vargas Aff.)

16. The District Attorney's office again refused to release Mr. Vargas's cash and provided no documentation or explanation. *id.*

17. On August 8, 2014, Mr. Pope mailed a letter to the Queens County District Attorney demanding that they issue a release of Mr. Vargas's money "[p]ursuant to 38 RCNY § 12-34." (Plaintiff's exhibit D).

18. As of the date of this filing, the District Attorney has failed to respond to Mr. Pope's demand letter.

19. As of the date of this filing, the District Attorney has not granted Mr. Vargas, or Mr. Pope as his attorney, an explanation of the grounds for which his request for the return of his property was denied. (*See* Vargas Aff.)

## LEGAL BACKGROUND

20. 38 RCNY § 12-34 (c) requires the district attorney to "grant a [property] release no more than fifteen days after" a request is made if the property is no longer needed.

21. Following the termination of criminal proceedings, 38 RCNY § 12-34 (d) permits property marked as "arrest evidence" to be retained by the district attorney for only four reasons: 1) a pending appeal; 2) a collateral attack or notice that a collateral attack will be commenced; 3) another specifically identified criminal proceeding; or 4) an ongoing identifiable criminal investigation.

22. If the district attorney denies a request for a property release, the district attorney "must provide in writing the reason for the refusal no more than fifteen days after receipt of the request," and inform the requestor "that he or she may obtain review by a supervising assistant district attorney . . . ." (*Id.* at (e)).

23. Failure by the district attorney to either issue a property release, commence a civil forfeiture proceeding, or provide a reason to retain Petitioner's property "cannot stand as a bar to [a] claim" for the return of property labeled as arrest evidence following the disposition of criminal proceedings where there is no pending appeal, where there is no collateral attack being commenced, where there is no other specifically identified criminal proceeding that the property is tied to, or where there is no ongoing criminal investigation. (*DeBellis v. Property Clerk of the City of New York*, 79 NY2d 49, 59 [Ct App 1992]).

24. Where the district attorney has failed to follow the law, evidence that Petitioner demanded a release "is sufficient to satisfy [Petitioner's] burden" in an action for the property's return. *id.*

25. The second footnote found in 38 RCNY § 12-34 explains clearly the rules set forth for the District Attorney and the New York City Police Department:

> provide public notice of the procedures followed by the district attorneys and the Police Department with respect to the custody and disposition of property taken or obtained from a person in connection with the arrest of such person. The rules incorporate procedures specified in the final order of the United States District Court for the Southern District of New York in McClendon v. Rosetti [369 F.Supp. 1391 (S.D.N.Y. 19734)]."

(38 RCNY § 12-34, n.2).

26. The *McLendon* case resulted from a finding by United States Court of Appeals for the Second Circuit that the existing ordinance regulating the return of property taken as arrest evidence from individuals "violated the due process clause of the Fifth and Fourteenth Amendments" because the ordinance required a claimant to "institute a civil suit to reclaim his property." (*McLendon*, 369 F Supp. 1391, 1392 [SDNY, No 70 Civ. 3851 1974] (citing *McLendon v. Rosetti*, 460 F2d 111 [2d Cir 1972])).

## PETITIONER'S CAUSE OF ACTION

27. Petitioner repeats and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28. Respondent, in his official capacity as Queens County District Attorney, failed to comply with his obligations under 38 RCNY § 12-34 by refusing to issue a release of Petitioner's cash property, property which is no longer needed as evidence. (38 RCNY § 12-34(c)-(e)).

29. Respondent's refusal to release Petitioner's property violates Petitioner's Fourteenth Amendment procedural due process rights. "[D]ue process requires that . . . property be returned upon demand unless the government can establish a new basis for its detention." (*DeBellis*, 79 NYS2d at 57). Respondent has not provided any written basis for the continued detention of Petitioner's property; rather, the district attorney has simply ignored Petitioner's requests in clear violation of a "duty enjoined upon him by law." (CPLR § 7801).

30. Petitioner urges this Court to issue a mandamus to compel Respondent to perform the duties required by 38 RCNY § 12-34, specifically (i) compelling Respondent to authorize the release of Petitioner's property; and (ii) granting such other and further relief as this Court may deem appropriate and equitable as may be required in the interests of justice.

**WHEREFORE,** Petitioner prays for an order:

1. Compelling Respondent to perform the duties required by the due process clause of the Fourteenth Amendment, and 38 RCNY § 12-34 and authorize a release for Petitioner's $241.00 in cash;

3. Granting such other and further relief as this Court may deem appropriate and equitable as may be required in the interests of justice.

Dated: December 1, 2014  
       New York, NY

Michael C. Pope, Esq.  
Youth Represent  
*Attorney for Petitioner*  
11 Park Place, Suite 1512  
New York, New York 10007  
(646) 759-8082, Fax: (646) 217-3097

By: Michael C. Pope, Esq.

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF QUEENS )

I, Ruben Vargas, being duly sworn, deposes and says: I am the petitioner in this proceeding. I have read the forgoing petition and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
Signature

RUBEN VARGAS
Print Name

12-2-14
Date

Sworn to before me on this 2nd day of December, 2014.

_____
Notary Public

**ALISON WILKEY**
Notary Public, State of New York
No. 02WI6210209
Qualified in Kings County
Commission Expires October 31, 2017