UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR ENCARNACION, KALEB HAGOS, KENNETH CLAVASQUIN, and THE BRONX DEFENDERS, individually and on behalf of a class of all others similarly situated;<br><br>Plaintiffs,<br><br>– against –<br><br>THE CITY OF NEW YORK<br><br>Defendant. | 16-cv-156 (DLC) |

## DECLARATION OF ALEXANDRA ROCKOFF IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY A CLASS UNDER FEDERAL RULE OF CIVIL PROCEDURE 23

Alexandra Rockoff declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. From October 2013 to present, I have been a Civil Legal Advocate ("CLA") at The Bronx Defenders. I submit this declaration in support of Plaintiff's motion for class certification. This Declaration is made upon personal knowledge, except where otherwise noted.

2. As a CLA, I advocate on behalf of clients in a range of matters including shelter, benefits, housing, forfeiture and police misconduct, I have assisted people in over 150 cases in their efforts to retrieve personal property seized by the New York City Police Department ("NYPD") pursuant to an arrest.

3.  Many of these people were clients that The Bronx Defenders represented in criminal matters. Others were referred to the Bronx Defenders by the NYPD Bronx Property Clerk.

4.  Based on my experience, the NYPD routinely seizes U.S. currency and cell phones during an arrest and designates that property as Arrest Evidence for the criminal case. NYPD policy requires that this property be recorded in the NYPD Property and Evidence Tracking System ("PETS"). *See* NYPD Patrol Guide § 218-19.

5.  According to the Rules of the City of New York, for a claimant to get their personal property that is vouchered as Arrest Evidence, the claimant must show the NYPD Property Clerk a copy of the NYPD PETS property voucher, two forms of identification, and a written District Attorney's Release ("DA Release"). 38 R.C.N.Y. § 12-35.

6.  The claimant must provide a DA Release even if the underlying criminal case was dismissed or sealed.

7.  The RCNY also sets forth the procedures for the District Attorney's Offices to produce DA Releases. 38 R.C.N.Y. § 12-34.

8.  A request for a DA Release may be made by the claimant, or an authorized representative. *Id.* In the property matters I have handled as a CLA, I am frequently authorized to make requests for the District Attorney's release.

9.  When a client's criminal case is still open, the assistant district attorney must either grant a DA Release within 15 days if they do not need it for the case, or they must provide a written explanation for the refusal to provide a DA Release. *Id.*

10. The same procedure applies to requests for a DA Releases made after the criminal proceeding has terminated: the assistant district attorney must either provide a property release or a written reason for the refusal.

11. In my experience, assistant district attorneys assigned to the criminal matter frequently are not responsive to requests for a DA Releases, regardless of whether I make a written demand for the release or contact the assistant district attorney by phone. Very often, the Bronx District Attorney's Office does not respond within the RCNY's 15 day requirement.

12. Additionally, criminal cases are frequently disposed of at arraignments, meaning no District Attorney is assigned to the case, which further complicates matters because there is no point of contact for making a release demand.

13. I have also sought DA Release from the window the District Attorney maintains on the fourth floor of the Criminal Court building located at 215 East 161st Street, Bronx, New York 10451. However, no one at this location is responsible for actually issuing a DA Release, they can only check with the assistant district attorney to see if they are willing to prepare a release or if a release has already been prepared. If the property release has not already been prepared, the clerks staffing this window will try and contact the District Attorney and often arbitrarily instruct claimants to return at a later date to see if a release has subsequently been prepared. I have not observed them to be memorializing the demand for the DA Release in any systemic fashion.

14. As such, requests for a DA Release can linger indefinitely, sometimes for weeks or even many months.

15. In order for claimants to retrieve property designated as Arrest Evidence, the NYPD Property Clerk insists that a DA Release be provided, regardless of the status of the criminal case and regardless of whether or not an assistant district attorney or supervising district attorney has responded to the request for a property release. The NYPD Property Clerk will not accept a Certificate of Disposition, showing that the case has concluded and that any criminal matter concerning claimant is disposed of, in lieu of a District Attorney's release.

Dated: 6-6-2016

Alexandra Rockoff
The Bronx Defenders
360 E. 161st St.
Bronx, NY 10451