UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR ENCARNACION, KALEB HAGOS, KENNETH CLAVASQUIN, and THE BRONX DEFENDERS, individually and on behalf of a class of all others similarly situated;

Plaintiffs,

– against –

THE CITY OF NEW YORK

Defendant.

16-cv-156 (DLC)

## DECLARATION OF STEVEN WASSERMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Steven B. Wasserman declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I have been employed as an attorney in the Criminal Practice of the Legal Aid Society of New York City for the past 36 years. Much of my practice in the Special Litigation Unit has been dedicated to reclaiming property taken from Legal Aid clients arrested by the New York Police Department ("NYPD") throughout New York City.

2. The Legal Aid Society is the largest provider of defense services in New York City. My unit has played a prominent role in defending property rights of arrestees for many years. *See e.g.*, *McClendon v. Rosetti*, 460 F.2d 111 (2d Cir. 1972); *Krimstock v. Kelly*, 306 F.3d 40 (2d Cir 2002); *Property Clerk v. Harris*, 9 N.Y.3d 237 (2007).

3. I have extensive personal experience with the NYPD'spolicy and practices with respect to the seizure of property as Arrest Evidence or Forfeiture, as well the process of property owners seeking to recover their property from the NYPD Property Clerk.

4. The NYPD routinely seizes money and cell phones from all persons in their custody, sometimes for the purpose of safeguarding the property during the arrest to arraignment process. However it is standard practice in drug-related arrests to designate money and phones as either Arrest Evidence or Forfeiture.

5. To reclaim any property that has been designated as Arrest Evidence or Forfeiture, the NYPD requires a release from the District Attorney ("DA release"), which is a note addressed to the NYPD Property Clerk which states that that the property is not needed as evidence in a pending criminal case.

6. Under the terms of an agreement we negotiated with the City and the City District Attorney's in *McClendon v. Rosetti*, releases are supposed to be readily available to property claimants after the termination of a criminal prosecution, or when it is determined that property is not needed as evidence. All the City District Attorney's offices maintain a publically accessible window for the use of property claimants during regular business hours.

7. However, it is often very difficult for unrepresented claimants to obtain a DA release, even after the criminal prosecution is terminated.

8. Much of my time is spent prodding, demanding, and occasionally suing District Attorneys to live up to their obligations under *McClendon v. Rosetti*, as codified in 12 RCNY §§12-34, 12-35, and 12-36.

Dated: June 6, 2016
New York, New York

_____
Steven Wasserman
THE LEGAL AID SOCIETY
199 Water Street
New York, NY 10038