**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

VICTOR ENCARNACION, KALEB HAGOS,
KENNETH CLAVASQUIN, and
THE BRONX DEFENDERS,

                                        Plaintiffs,

– against –

THE CITY OF NEW YORK,

                                        Defendant.

16-cv-156 (DLC)(JCF)

---

**STIPULATION OF SETTLEMENT AND ORDER**

**WHEREAS,** Plaintiffs Victor Encarnacion and The Bronx Defenders commenced this action on January 8, 2016, alleging, *inter alia*, that the Defendant City of New York (hereinafter "the City") violated Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendment through an alleged policy and practice of retaining personal property seized in connection with an arrest after a criminal case is over and without a continued basis to retain the property; and

**WHEREAS,** the Amended Complaint, filed on June 3, 2016, asserted the same claims on behalf of Victor Encarnacion, Kaleb Hagos, Kenneth Clavasquin, and The Bronx Defenders (collectively "Plaintiffs"), individually and on behalf of a class of similarly situated individuals; and

**WHEREAS**, neither the initial complaint, nor the Amended Complaint, named the Office of the Bronx District Attorney (the "Bronx DA") as a defendant in the action; and

**WHEREAS**, nonetheless, the Bronx DA determined it was in its best interest to implement the procedures detailed herein; and

**WHEREAS**, in light of the foregoing, the instant matter will be resolved in accordance with the terms below;

**NOW, THEREFORE**, **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, attorneys of record for Plaintiffs, and the City, and the Bronx DA, as follows:

<u>**DEFINITIONS**</u>

1.      "ADA" shall mean an assistant district attorney of the Bronx DA.

2.      "Bronx DA Property Window" shall mean the publicly accessible location maintained by the Bronx DA at the Bronx Criminal Court.

3.      "Claimant" shall mean an individual seeking the return of property taken by the New York City Police Department ("NYPD").

4.      "DA Deferral Letter" shall mean the Bronx DA's written statement refusing or deferring the release of Seized Property consistent with the requirements of 38 RCNY § 12-34.

5.      "DA Release" shall mean a written statement from the Bronx DA that the Seized Property is no longer needed as evidence, consistent with 38 RCNY § 12-34.

6.      "DA Release Request" shall mean the submission of a request form to the Bronx DA, by or on behalf of a Claimant, consistent with 38 RCNY § 12-34.

7.      "DA Response" shall mean a DA Release or DA Deferral Letter.

8.      "Defendant" shall mean the City of New York.

9.      "Effective Date" shall mean the date this Stipulation is So Ordered by the District Judge.

10.      "Individual Plaintiffs" shall mean Plaintiffs Victor Encarnacion, Kaleb Hagos, and Kenneth Clavasquin.

11.    "RCNY" shall mean Title 38 of the Rules of the City of New York at the time of the Effective Date.

12.    "Settling Institutional Parties" shall refer to The Bronx Defenders, Defendant, and the Bronx DA.

13.    "Seized Property" shall mean property that the NYPD has taken from a Claimant prior to, simultaneous with, or subsequent to an arrest because of its relation to the matter for which a person was arrested.

14.    "Termination of Criminal Proceedings" shall have the same meaning as defined in 38 RCNY § 12-34, which is: "the earliest of (i) thirty-one days following the imposition of sentence, (ii) the date of acquittal of a person arrested for an offense, (iii) where leave to file new charges or to resubmit the case to a new grand jury is required and has not been granted, thirty-one days following the dismissal of the last accusatory instrument filed in the case, or, if applicable, upon expiration of the time granted by the court or permitted by statute for filing new charges or resubmitting the case to a new grand jury, (iv) where leave to file new charges or to resubmit the case to a new grand jury is not required, thirty-one days following the dismissal of the last accusatory instrument filed in the case, or, if applicable, upon expiration of the time granted by the court or permitted by statute for filing new charges or resubmitting the case to a new grand jury, (v) six months from the issuance of an "Adjournment in Contemplation of Dismissal" order pursuant to C.P.L. § 170.55, or twelve months from the issuance of such an order pursuant to C.P.L. § 170.56, where the case is not restored to the court's calendar within the applicable six-month or twelve-month period, and (vi) the date when, prior to the filing of an accusatory instrument against a person arrested for an offense, the district attorney elects not to prosecute such person." However, solely with respect to the return of Seized Property, a criminal

case under the jurisdiction of the Bronx DA that is resolved with an Adjournment in Contemplation of Dismissal shall be considered "terminated" on the date the adjournment is issued.

15.     "Voucher" shall mean the invoice prepared by the NYPD for each item of Seized Property, containing the name of the person, an itemized list of property taken, a brief description thereof, and notice of the procedures and deadlines to obtain the return of the property consistent with the requirements of 38 RCNY § 12-32.

## REFORMS BY THE NYPD

16.     The NYPD shall follow practices consistent with RCNY § 12-32 to provide an individual with a Voucher for all property seized pursuant to an arrest no later than the time of arraignment, or alongside Desk Appearance Ticket ("DAT") paperwork when a DAT is issued, absent extraordinary circumstances. The Voucher may be provided directly to the individual or to the individual by delivery to the individual's attorney. The NYPD shall implement policies and procedures, training, supervision, monitoring, and discipline sufficient to ensure compliance with RCNY § 12-32.

17.     The NYPD shall provide the Bronx DA with the "ADA" copy of the Voucher(s) at the time that an officer meets with the ADA in court prior to arraignment, or alongside DAT paperwork when a DAT is issued, absent extraordinary circumstances.

18.     Contact information for the Bronx DA's Property Release Unit, as described herein, shall be provided on notices available at the Bronx NYPD Property Clerk window.

19.     Within 90 days of the Effective Date of this Stipulation, if it has not done so already, the NYPD shall provide in-service training to ensure that employees of the NYPD

Property Clerk are aware of, and are following, the relevant policies and practices described in this Stipulation.

20.     NYPD has agreed to modify Section 208-03, subsection 12e of the Patrol Guide to clarify that personal property, including proof of the arrestee's identity (i.e. Driver's Licenses, employee identification cards, etc.) will not be vouchered except in special circumstances such as where the arrestee is intoxicated, and/or where the proof of identity constitutes potential evidence in and of itself.  A copy of the language for the proposed modification to Section 208-03, subsection 12e of the Patrol Guide is attached hereto as Exhibit "B."  Consistent with this clarification of policy, on January 16, 2018, NYPD issued a "Finest Message/Training Bulletin," reminding members of service that identification documents should only be vouchered when a prisoner is unconscious or intoxicated, or if the documents are relative to the crime charged.  A copy of this "Finest Message/Training Bulletin" is attached hereto as Exhibit "C."

21.     Consistent with the memo issued by NYPD to the NYPD Property Clerk on November 30, 2017 and the January 18, 2018 Fourth Endorsement of the UF 49 (collectively referred to herein as the "UF 49"), in circumstances where a Claimant is seeking the return of Seized Property and a Claimant's proof of identity has been vouchered, NYPD Property Clerk staff shall retrieve the proof of identity from the inventory bag to attempt to verify the Claimant's identity, except in extraordinary circumstances.  A copy of the UF 49 is attached hereto as Exhibit "D."

22.     As memorialized in the UF 49, except in extraordinary circumstances, for Claimants seeking a copy of their Voucher or the release of Seized Property the NYPD Property Clerk shall accept a single, valid, government issued, photo ID bearing the appropriate name and

address of a Claimant, provided such ID is sufficient to establish the Claimant's identity.   See Exhibit "D."

23.     As set forth in the UF 49, except in extraordinary circumstances, the NYPD will, upon presentation of proper identification, permit attorneys for Claimants and employees of attorneys' legal firms to obtain a copy of a Voucher from the NYPD Property Clerk by submitting a written request, signed by an attorney, on the law firm's letterhead, stating that his or her legal firm represents the Claimant, and designating by name any employee of his or her legal firm to request and obtain  a copy of the Voucher on behalf of the Claimant.  See Exhibit "D."

24.     If in Defendant's assessment Section 208-03, subsection 12e of the Patrol Guide (Exhibit "B") or the practices set forth in the UF 49 (Exhibit "D") or described in paragraphs 20 through 23 above require modification or revision during the time period in which this Court retains jurisdiction over this Stipulation, Defendant will follow the procedure for modifications set forth in paragraphs 47-51 herein.  However, for the time period in which this Court retains jurisdiction over this Stipulation, in the event of unforeseen or exigent circumstances, Defendant may change or deviate from the practices provided in the Section 208-03, subsection 12e of the Patrol Guide and the UF 49  or described in paragraphs 20 through 23 above pending the convening of the Working Group, as defined herein, upon written notice to Plaintiffs' counsel of the unforeseen or exigent circumstances, the modification or deviations sought, and the interim change in practice.

25.     On January 16, 2018, NYPD issued a "Finest Message/Training Bulletin" reminding members of the service to provide a Voucher to an arrestee no later than the time of arraignment in Court or the issuance of a Desk Appearance Ticket.  See Exhibit "C."

26.     On January 16, 2018, NYPD issued a "Finest Message/Training Bulletin" reminding all commands that notices setting forth the procedures to be followed to obtain the return of Seized Property must be posted in conformance with 38 RCNY § 12-33, in the holding areas of each station house, in all central booking facilities within the City, and in each courthouse holding area within the City which is within the control of the NYPD.  A copy of this "Finest Message/Training Bulletin" is attached hereto as Exhibit "E."

27.     As part of the Quality Assurance Division's ("QAD") routine evaluation of command compliance with NYPD's policies and procedures, QAD will audit compliance with Patrol Guide Section 218-30 "Invoicing Property Taken From a Person's Possession."  Absent exigent circumstances, these QAD audits will be conducted at minimum on a quarterly basis throughout the time period in which this Court retains jurisdiction over this Stipulation. Defendant will inform Plaintiffs' counsel at the Working Group meetings, as described in paragraph 46 of this Stipulation, that the audits were conducted.

## INTERVENTION OF THE BRONX DA

28.     The Bronx DA, Plaintiffs, and Defendant consent to the intervention of the Bronx DA in this action solely for the purpose of this Stipulation and Order.

## REFORMS BY THE BRONX DA

29.     The Bronx DA shall follow practices consistent with 38 RCNY § 12-34(d) to ensure the timely issuance of DA Responses to DA Release Requests submitted to the Bronx DA for the release of Seized Property.  The Bronx DA shall implement policies, procedures, training, and supervision sufficient to follow these practices.  The Bronx DA has updated and will maintain a written Standard Operating Procedure for the Property Release Unit to establish and

maintain protocols that ensure compliance with the RCNY (current version attached hereto as Exhibit "A").

30.      The Bronx DA has created and will maintain a request form for Claimants to make a DA Release Request that seeks release of Seized Property ("Request Form"). The Request Form will be provided to Claimants at the Bronx DA Property Clerk Window and will be date-stamped at the time of submission. A copy of the current Request Form is appended to Exhibit "A," the Property Release Unit Standard Operating Procedure.

31.      The Bronx DA has created, implemented, and will maintain the BXDA Property Release Application or another suitable computer program, which tracks the date Request Forms are submitted to the Bronx DA and the response time for each request.

32.      Consistent with 38 RCNY § 12-34(b), along with a Request Form, a DA Release Request shall be accompanied by (a) a copy of the Voucher or, if the Voucher is lost or absent, an explanation for its loss or absence, (b) proper identification, and (c) suitable case identification, such as an arrest number, criminal case docket number, New York State ID number (NYSID), or Voucher number.  The Bronx DA may waive the requirements for a Voucher as set forth in 38 RCNY 12-34(b) where the ADA copy of the Voucher is available.

33.      Consistent with RCNY § 12-34(d), except as otherwise provided for in paragraph 37 of this Stipulation, after the Termination of Criminal Proceedings, the Bronx DA shall provide a DA Release to a Claimant upon request unless the DA determines that the Seized Property needs to be retained as evidence due to (i) a pending appeal; (ii) a collateral attack or notice that a collateral attack will be commenced; (iii) another specifically identified criminal proceeding or (iv) an ongoing identifiable criminal investigation.

34.     For cases that reach a disposition at arraignments and cases where the Bronx DA has declined prosecution, the Bronx DA will make reasonable efforts to issue a DA Response on the same day that the request is made.

35.     In all other instances, the Bronx DA will issue a DA Response to submitted Request Forms no later than fifteen (15) days after submission for general property and in accordance with the Third Amended Order in *Krimstock v. Kelly*, 99 Civ. 12041 (HB) (S.D.N.Y. Oct. 1, 2007) for vehicles.

36.     The Bronx DA shall not issue a DA Deferral Letter on the basis that a Claimant: (a) has other open cases unrelated to the property at issue; (b) has outstanding sentencing conditions, such as probation, community service, or fines; or (c) in instances where the underlying criminal case was resolved based on an adjournment in contemplation of dismissal, but the charges have not yet been dismissed.

37.     The Bronx DA shall not issue a DA Deferral Letter solely on the basis of a possible or planned civil forfeiture proceeding that has not yet been commenced. Where a civil forfeiture proceeding has been commenced, the DA Deferral Letter will attach, when available, paperwork documenting the commencement of the civil forfeiture action or other case information, such as the court, case number, case status, and the agency that commenced the action.

38.     In cases where a DA Deferral Letter is issued, the Bronx DA will inform Claimants in writing of their ability to seek review of the decision pursuant to 38 RCNY § 12-34(e).

39.     The Bronx DA has created and will maintain a Property Release Unit. A designated Bronx ADA will be available during the Unit's standard business hours to consult

with Property Release Unit staff where necessary to respond to inquiries and issues concerning submitted Request Forms.

40.     The Bronx DA has created and will maintain a dedicated inquiry phone line to respond to inquiries regarding the status of submitted Request Forms, including whether a response from the Bronx DA is available and, if so, whether a DA Release or a DA Deferral Letter was issued.

41.     The Bronx DA will, upon presentation of proper identification, permit attorneys for Claimants and employees of attorneys' legal firms to obtain a copy of a DA Release or DA Deferral Letter by submitting a written request, signed by an attorney, on the law firm's letterhead, stating that his or her legal firm represents the Claimant, and designating by name any employee of his or her legal firm to obtain the DA Release or DA Deferral Letter on behalf of the Claimant.

42.     The Bronx DA Property Window, Property Release Unit, and inquiry phone line will operate during standard business hours, or at a minimum from 8:30am-4:00pm Monday through Friday, excluding holidays and other court closures.

43.     The Bronx DA has implemented and will maintain policies and procedures, training, supervision, and monitoring programs sufficient to follow, apply, and ensure that the standards and protocols set forth in this Stipulation are met.

44.     The Bronx DA will comply with 38 RCNY § 12-32(f) regarding the provision of notice of the procedures for obtaining return of property when a Claimant appears at arraignment.

45.     The Bronx DA shall provide Counsel for Plaintiffs with quarterly reports setting forth the following information for each case in which Seized Property was vouchered pursuant

to a defendant's arrest: (a) status of the case (open or closed); (b) date of DA Release Request, if applicable; (c) date of DA Response; and the (d) response issued; i.e. DA Release or DA Deferral Letter.

## THE WORKING GROUP

46.     Immediately following the Effective Date of this Stipulation, a Working Group will be established, which shall include representatives from each Settling Institutional Party, including NYPD and Bronx DA personnel fully familiar with the property release procedures referenced in this Stipulation, as well as other representatives of Plaintiffs' and Defendant's choosing.  The purpose of this Working Group will be to meet periodically to share information relevant to implementation of the Stipulation, share expertise on issues concerning property seizure and release, and address any disputes or proposals to modify the Stipulation under the procedures set forth in paragraphs 47-51 herein.  The parties shall maintain the Working Group during the two year period immediately following the Effective Date. The Settling Institutional Parties may voluntarily continue the Working Group beyond that time period and outside of the scope of this Stipulation.

## RECOURSE UNDER THE STIPULATION

47.     During the time period in which this Court retains jurisdiction over this Stipulation as specified in paragraph 66 below, any dispute arising out of or related to this Stipulation concerning any asserted failure by NYPD or the Bronx DA to comply with any provision of this Stipulation, or a request for a modification to this Stipulation by a Settling Institutional Party, may be submitted to this Court after following the procedure set forth in paragraphs 48-51.  This Court may adjudicate any such dispute and grant all appropriate relief.

48.     Any Settling Institutional Party raising a dispute or seeking a modification related to this Stipulation shall provide the other Settling Institutional Parties to this Stipulation with prompt written notice specifying the nature of the dispute, along with a demand to promptly convene and attend a meeting of the Working Group.  The Settling Institutional Parties shall make good faith efforts to convene the Working Group within twenty-one (21) days following the written notice.

49.     Should the Defendant or the Bronx DA agree that it is not in compliance with any of the specified term(s) of the Stipulation after receipt of notice pursuant to paragraph 48 above, Defendant or the Bronx DA shall have a reasonable period of time to specifically perform said term(s) prior to any requests for judicial intervention, with such time period to be mutually agreed through the good faith efforts of the Settling Institutional Parties and their counsel, but such period shall be no fewer than twenty-one (21) days.  Should the Defendant or the Bronx DA specifically perform the term(s) raised in said notice within such reasonable period of time, the Settling Institutional Parties shall not be required to convene the Working Group, and the Plaintiffs shall not have recourse to apply to the Court for any relief.

50.     If representatives of the Settling Institutional Parties in the Working Group fail to convene within twenty-one (21) days following the written notice the parties may apply to the Court for appropriate relief; however, if the Working Group convenes and the Settling Institutional Parties are unable to reach agreement to resolve a modification or dispute, the party alleging non-compliance or seeking modification may not apply to the Court for appropriate relief until at least seven (7) days after convening the Working Group.  A party may apply to the Court sooner if it is able to demonstrate to the Court that such action is justified in the circumstances.

51.     If at any time during the two year period immediately following the Effective Date, Defendant and/or the Bronx DA becomes aware of any change in federal or state law (including regulations, interpretation of law and regulations by authorized governmental agencies, and/or interpretations by the Courts), that Defendant and/or the Bronx DA believes changes their legal obligations or responsibilities under this Stipulation, Defendant and/or the Bronx DA shall make good faith efforts to promptly notify Plaintiffs' counsel once it has been determined a change to the stipulation is required. Defendant and/or the Bronx DA may immediately commence acting in accordance with the change in state or federal law and shall notify Plaintiffs' counsel of said change in action within fourteen (14) days of implementing the change. Following the procedure for modifications set forth in paragraphs 48-50 above, the Settling Institutional Parties shall attempt to come to an agreement as to any proposed modifications to the Stipulation that are warranted by the change in state or federal laws, interpretation of law and regulations by authorized governmental agencies, and/or interpretations by the Courts.  If representatives of the Settling Institutional Parties in the Working Group fail to convene within twenty-one (21) days following the written notice, the party opposing the modification may submit the dispute to the Court; however, if the Working Group convenes and the Settling Institutional Parties are unable to reach an agreement, the party opposing the modification may not submit the dispute to the Court until at least seven (7) days after convening the Working Group.  A party may apply to the Court sooner if it is able to demonstrate to the Court that such action is justified in the circumstances.  Any application to the Court with respect to alleged changes in the law shall be made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Should the party opposing the modification fail to submit a dispute to the Court pursuant to this paragraph, Defendant and the Bronx DA may continue acting in accordance with

the change, notwithstanding that it may not otherwise comply with the provisions of this Stipulation.  The filing by Plaintiffs of an appeal of an adverse decision by the Court shall not operate as a stay of Defendant's right to implement the proposed modification without further order of the District Court or the Court of Appeals.

52.     Subsequent to the two-year period immediately following the Effective Date of this Stipulation, Defendant and/or the Bronx DA may act in a manner consistent with the law notwithstanding the fact that their actions may not be consistent with the terms of this Stipulation; and the Defendant and Bronx DA shall not be required to notify Plaintiffs of any such change in their actions.

53.     The remedies with regard to specific individuals for alleged improper delay in the issuance of a DA Response or denial of the issuance of a DA Release by the Bronx DA, or the denial of the release of Seized Property held by the NYPD Property Clerk, which do not suggest a systematic pattern of non-compliance with the terms of this Stipulation, shall lie exclusively in the available State and City administrative remedies, subject to review under the procedures governed by city and state laws and rules.

## NOTICES

54.     All notices under the Stipulation shall be delivered by overnight mail or overnight courier, with an additional copy by email, and shall be addressed as follows:

FOR THE PLAINTIFFS:

Johanna B. Steinberg
The Bronx Defenders
360 East 161st Street
Bronx, NY 10451
Email: johannas@bronxdefenders.org


FOR THE DEFENDANT

Aviva Horowitz, Assistant Corporation Counsel
New York City Law Department,
Administrative Law Division
100 Church Street,
New York, NY 10007
Email: ahorowit@law.nyc.gov

and

Sherrill Kurland, Assistant Corporation Counsel
New York City Law Department,
Administrative Law Division
100 Church Street,
New York, NY 10007
Email: skurland@law.nyc.gov


FOR THE BRONX DA:

Julian B. O'Connor, General Counsel
Office the District Attorney, Bronx County
198 E. 161st Street
Bronx, New York 10451
Email: Oconnorjb@Bronxda.nyc.gov

55.     The Settling Institutional Parties may substitute the individual designated to receive notice by advising all other parties in a writing sent by overnight mail or overnight courier, and by email.

**INDIVIDUAL PLAINTIFFS' DAMAGES CLAIMS**

56.     The Bronx DA has issued DA Releases to the Individual Plaintiffs for the Seized Property referred to in the Amended Complaint.

57.     The NYPD Property Clerk has released the Individual Plaintiffs' Seized Property referred to in the Amended Complaint.

58.     Defendant will pay a total of $10,000 in full and complete satisfaction of any and all of the Individual Plaintiffs' damages claims, except for attorneys' fees and litigation expenses.   The payments shall be made by check or check(s) within ninety (90) days of receipt

15

by the Office of Corporation Counsel of the following executed documents and information by

Plaintiffs: (1) the Stipulation of Settlement and Order; (2) the agreed upon Release forms; (3)

Affidavits of No Liens; (4) W-9 forms; and (5) dates of birth and social security numbers.  The

check(s) will be made out to each Individual Plaintiff and delivered to Johanna B. Steinberg, The

Bronx Defenders, 360 East 161st Street, Bronx, NY 10451.  Plaintiffs' counsel will be

responsible for remitting this sum to the Individual Plaintiffs.

      59.     The Individual Plaintiffs represent that they are not Medicare recipients at the

time this Stipulation is executed or at any time prior thereto.  Plaintiffs shall hold Defendant and

the Bronx DA harmless for any Medicare liens, and for past and/or future Medicare payments,

presently known or unknown, in connection with this matter.  If conditional and/or future

anticipated Medicare payments have not been satisfied, Defendant reserves the right to issue a

multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly

based upon Medicare's final demand letter.

## PLAINTIFFS' RELEASE OF CLAIMS

      60.     In consideration of the terms and conditions called for herein, Plaintiffs remise,

remit, release and completely and forever discharge Defendant and the Bronx DA, their

departments, officials, agents, attorneys, servants, representatives, and employees and all other

persons with whom any of the former have been, are now or may hereinafter be affiliated, of and

from any and all past or present claims, demands, obligations, actions, causes of actions, suits,

rights, damages, debts, sums of money, costs, expenses, and any claims, in law and equity, for

relief or punitive or other damages of any type which have accrued as of the Effective Date of

this Agreement, and which relate to the allegations contained in, or arising from, the Complaint

and Amended Complaint in this action, except as otherwise provided for in paragraph 61 of this

Stipulation.  Each of the Plaintiffs hereby acknowledges and agrees to sign the agreed upon

release form as a condition for payment of damages.  The Individual Plaintiffs further hereby

waive, release and forever discharge Defendant and the Bronx DA from any and all claims,

known or unknown, past and/or future conditional payments, arising out of the Plaintiff's

Medicare eligibility and receipt of Medicare benefits related to the claimed injury in this matter

and/or arising out of the provision of primary payment (or appropriate reimbursement) including

causes of action pursuant to 42 U.S.C. §1395y(b)(3)A of the Medicare, Medicaid and SCHIP

Extension Act of 2007.

## **ATTORNEYS' FEES AND COSTS**

61.    Defendant agrees to pay Plaintiffs' reasonable costs and attorneys' fees through

the Effective Date, either pursuant to stipulation or if a stipulation is not entered into, pursuant to

the Order of the Court. If the Defendant and Plaintiffs cannot resolve the matter of costs and

attorneys' fees via stipulation, Defendant agrees to pay Plaintiffs' reasonable costs and attorneys'

fees associated with negotiating and litigating a fee application to the Court, in the event that

such fees associated with negotiating and litigating a fee application are awarded by the Court.

Plaintiffs and Defendant agree that, if a stipulation to pay Plaintiffs' reasonable costs and

attorneys' fees is not executed within 14 days after the Effective Date of this Stipulation, then the

deadline set forth for filing a motion for attorneys' fees and related non-taxable expenses under

Rule 54(d)(2)(B) of the Rules of Civil Procedure will be extended by four months and may be

further extended by subsequent agreement of Plaintiffs and the Defendant or as the Court

permits.

62.    Plaintiffs reserve their rights to seek attorneys' fees and costs after the Effective

Date of this Stipulation, and Defendant reserves its rights to oppose such fees and costs.  If any

dispute arises concerning attorneys' fees and costs after the Effective Date, Plaintiffs may submit an application to the Court for reasonable costs and attorneys' fees associated with the enforcement of this Stipulation.

63.     Plaintiffs shall not seek any costs or attorney's fees from the Bronx DA in connection with this litigation.

## MODIFICATION OF THE AGREEMENT

64.     The terms of this Stipulation may only be modified by a written agreement signed by the attorneys for all of the Settling Institutional Parties, or upon an Order of the Court.

## EFFECT OF SETTLEMENT STIPULATION AND RELEASE

65.     The terms of this Stipulation shall be a full, final, and complete resolution of this action.

66.     Upon the execution and "so-ordering" of this Stipulation, the action will be dismissed.  This Court will retain Jurisdiction to hear and resolve disputes arising under or related to this Stipulation and to otherwise enforce the terms of this Stipulation for a period of two years following the Effective Date of this Stipulation.  During the period in which this Court retains jurisdiction over this Stipulation, Plaintiffs shall not commence any action or proceeding against the Bronx DA or the Defendant arising from the terms of this agreement and Stipulation except as otherwise provided in this Stipulation.

67.     This Stipulation contains all the terms and conditions agreed upon by the Individual Plaintiffs and the Settling Institutional  Parties, and there are no other terms relied upon by the Individual Plaintiffs and the Settling  Institutional Parties, verbal or otherwise.

68.     This Stipulation may be signed in multiple counterparts and all counterparts when so executed shall together be deemed one final original instrument.

69.     If for any reason any provision of this Stipulation is determined to be invalid or unenforceable, the remaining provisions of this Stipulation shall be construed, performed, or enforced as if the invalidated or unenforceable provision had not been included in the text of the Stipulation.

70.     The Individual Plaintiffs and the Settling Institutional Parties agree that this Stipulation shall not be construed as an admission of wrongdoing on the part of the Plaintiffs, the City, or the Bronx DA.

71.     The Individual Plaintiffs and the Settling Institutional Parties agree that any discussion, admission, concession, or offer to settle, whether oral or written, made during any negotiation concerning this Stipulation, shall be treated as compromise offers and negotiations covered by the restrictions of Federal Rule of Evidence 408.

72.     The Settling Institutional Parties agree that any matter raised in the context of the Working Group referred to in this Stipulation, including but not limited to any discussion, admission, concession or offer to settle, whether oral or written, shall be treated as compromise offers and negotiations covered by the restrictions of Federal Rule of Evidence 408.

Dated: February 2, 2018
       New York, NY


**THE BRONX DEFENDERS**
Niji Jain
Johanna B. Steinberg
Adam N. Shoop
360 East 161st Street
Bronx, New York 10451
Telephone: (718) 838-7878
Facsimile: (718) 665-0100
By: _____

*Attorneys for Plaintiffs*


**BOIES SCHILLER FLEXNER LLP**
Eric J. Brenner
Nafees Syed
575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
By: _____

*Attorneys for Plaintiffs Kaleb Hagos and
The Bronx Defenders*


**ZACHARY W. CARTER**
Corporation Counsel of the City of
New York
Sherrill M. Kurland
Aviva Horowitz
100 Church Street, Room 2-113
New York, NY 10007
Telephone: (212) 356-2176
Facsimile: (213) 346-2019
By: _____

*Attorneys for Defendant City of New York*


**OFFICE OF THE BRONX COUNTY
DISTRICT ATTORNEY**
Julian Bond O'Connor
198 E. 161st Street
Bronx, New York 10451
Telephone: (718) 838-7456
Facsimile: (718) 992-0545
By: _____

*General Counsel, Bronx DA Office*


SO ORDERED:

_____
United States District Judge
Dated:

Dated: February ⏀, 2018
      New York, NY

**THE BRONX DEFENDERS**
Niji Jain
Johanna B. Steinberg
Adam N. Shoop
360 East 161st Street
Bronx, New York 10451
Telephone: (718) 838-7878
Facsimile: (718) 665-0100
By: _____

*Attorneys for Plaintiffs*

**BOIES SCHILLER FLEXNER LLP**
Eric J. Brenner
Nafees Syed
575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
By: _____

*Attorneys for Plaintiffs Kaleb Hagos and
The Bronx Defenders*

**ZACHARY W. CARTER**
Corporation Counsel of the City of
New York
Sherrill M. Kurland
Aviva Horowitz
100 Church Street, Room 2-113
New York, NY 10007
Telephone: (212) 356-2176
Facsimile: (213) 346-2019
By: _____

*Attorneys for Defendant City of New York*

**OFFICE OF THE BRONX COUNTY
DISTRICT ATTORNEY**
Julian Bond O'Connor
198 E. 161st Street
Bronx, New York 10451
Telephone: (718) 838-7456
Facsimile: (718) 992-0545
By: _____

*General Counsel, Bronx DA Office*

SO ORDERED:

_____
United States District Judge
Dated:

20

Dated: February 9, 2018
New York, NY

**THE BRONX DEFENDERS**
Niji Jain
Johanna B. Steinberg
Adam N. Shoop
360 East 161st Street
Bronx, New York 10451
Telephone: (718) 838-7878
Facsimile: (718) 665-0100
By: _____

*Attorneys for Plaintiffs*

**BOIES SCHILLER FLEXNER LLP**
Eric J. Brenner
Nafees Syed
575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
By: _____

*Attorneys for Plaintiffs Kaleb Hagos and
The Bronx Defenders*

**ZACHARY W. CARTER**
Corporation Counsel of the City of
New York
Sherrill M. Kurland
Aviva Horowitz
100 Church Street, Room 2-113
New York, NY 10007
Telephone: (212) 356-2176
Facsimile: (213) 346-2019
By: _____

*Attorneys for Defendant City of New York*

**OFFICE OF THE BRONX COUNTY
DISTRICT ATTORNEY**
Julian Bond O'Connor
198 E. 161st Street
Bronx, New York 10451
Telephone: (718) 838-7456
Facsimile: (718) 992-0545
By: _____

*General Counsel, Bronx DA Office*

SO ORDERED:

_____

United States District Judge
Dated:

# EXHIBIT A



# Property Release Unit

# Standard Operating Procedure

**(January 29, 2018)**

**Introduction**

The Property Release Standard Operating Procedure (SOP) is designed to ensure accountability and timely responses to claimant's request for property as required under the Rules of the City of New York [38 RCNY § 12-34]. Accordingly, the Property Release Unit was formed to oversee the Office's compliance with statutory obligations when evaluating requests to return property vouchered by the New York City Police Department (NYPD). The Property Release Unit monitors all requests submitted and works with ADAs to generate written responses – property releases or deferrals – within the statutory timeline. The Property Release Unit also manages and inspects the supervisor review of claimant's requests in an effort to make certain that decisions regarding the release or deferral of property are properly made by trial assistants. Further, the Property Release Unit serves as a point of contact for defense attorneys and outside agencies when property related issues arise that require specialized attention. The Property Release Unit is comprised of members of the Operations Unit as well as members of the Civil Litigation Bureau.

**Process - Claimants**

To make a request for property release in person, the claimant, or a third person acting on their behalf, can go to the 4th floor BXDA Property Release Unit window in the Bronx Criminal Court building located at 215 East 161st Street to fill out a request with the Property Release Unit staff. Claimant or their agent must be able to provide a copy of the voucher or, if the voucher is lost or absent, an explanation for its loss or absence, along with proper identification in the form of acceptable photo identification and suitable case information in the form of either a docket number or arrest number. A copy of the NYPD property voucher can be retrieved from the NYPD Property Clerk in the basement of the Bronx Criminal Court building. Claimant or their agent can also mail a request for specific property to the attention of the BXDA Motions Clerk. The letter should include a copy of the voucher(s) and the arrest or docket number that the property was vouchered under. Claimants, or their agents, are able to retrieve the written response to their request after 15 days from the date the request was received has elapsed. All written responses must be picked up in person at the BXDA Property Unit window. A valid photo ID is required to receive the written response, and any agent must have written, notarized authorization to receive the written response on behalf of the claimant. However, upon presentation of proper identification, attorneys for Claimants and employees of attorneys' legal firms may obtain a copy of a written response by submitting a written request, signed by an attorney, on the law firm's letterhead, stating that his or her legal firm represents the Claimant and designating by name any employee of his or her legal firm to obtain the written response on behalf of the Claimant. If the written response received is a deferral of release, the claimant or their agent may request that a supervising ADA review that decision. Claimants, or their agents,

can retrieve the supervisor's written response after 10 days from the second request date has elapsed.

Claimants can inquire about the status of property requests through the Property Release Unit's information phone line available at (718) 838-6615.

**Process Upon Receipt – Operations Unit** (when requests are received at the 4th floor window or the motions clerk and time stamped/marked)

When claimants, or their agents, first arrive at the Property Release Unit window, they are asked to provide a photo ID and suitable case information and the voucher for the property they are requesting. A member of the Property Release Unit staff takes the information provided and inputs a request through the BXDA Property Release Application. If a voucher is not provided by the claimant or their agent, and an explanation for the loss or absence is presented, the Property Release Unit will make reasonable efforts to secure a valid voucher from the New York City Police Department. Thereafter, when inputting a request, the staff is first prompted to enter the docket or arrest number, and either uses voucher information pre-populated by BXDA Case Tracking or manually enters the information using the a physical copy of the voucher. If all of the information is available at the time that the claimant makes their request and is correctly entered, the claimant or agent is asked to sign the form using an electronic signing pad. Then, the information is saved into both the Property Release Application and BXDA Case Tracking and the request form is emailed to the assigned ADA. The staff member provides the claimant or agent with a copy of the request form, and also gives them the date that the written response will be available, which is calculated using either 15 days for general property or 7 days for vehicles.

Similarly, if a request comes in the mail, the motions staff will use the case identifier to begin the request process and will input the requested items from the vouchers included with the request. The motions staff then forwards all paperwork received, including the request printed from the Property Release Application, to the assigned ADA to keep with their file. If vouchers are not provided by the claimant when the request is submitted by mail, all paperwork will be forwarded to the Property Release Unit to make reasonable efforts to secure a valid voucher. However, if claimant's request does not include suitable case information, or if the Property Release Unit is unable to locate any related vouchers, the claimant or their agent will be provided with a written Notice of Deficient Request for District Attorney's Release.

The staff at the Property Release Unit window also keeps track of all written responses submitted by the assigned ADA, and distributes them when the claimants or their agents return. Before distributing a written response to any agent, the staff ensures that a properly notarized, written authorization from the claimant or, for law firm representatives, an attorney representation letter, is provided and makes copies of all relevant forms. In the event that a form

cannot be located, the staff is in close contact with the Property Release Unit ADAs to quickly locate or recreate said forms or to address any other issues that may arise. If a claimant receives a deferral of release, they are able at that time to make a request for supervisor review. In that situation, the Property Release Unit staff will manually fill out the appropriate form with the claimant, give them a copy, and inform them that the written response will be available after 10 days have elapsed. A copy of that form, the original deferral and vouchers are then scanned and emailed to the Property Release Unit ADA, the assigned ADA, and the assigned ADA's supervisors for review.

**Process – Complaint Room Phase** (Disposition at Arraignments)

The only possible time that a claimant can avoid the 15 or 7 day waiting periods is when the defendant has had their case resolved completely either at the complaint room or arraignment stage, has no active cases, and no active co-defendants. In those instances alone, the Property Release Unit will make reasonable efforts to have the written release handled on the same day that the request is made. However, this is contingent on the immediate availability of either an Arraignments/Complaint Room supervisor or Property Release Unit ADA to approve the release and possession of the relevant voucher information. It is not guaranteed that a claimant, regardless of the resolution of their case at the complaint room or arraignment stage, will have an immediate response to their property requests. Any property release request where the claimant whose case was resolved at the complaint room or arraignment stage also has any open, active cases and/or active co-defendants will be handled by the ADA assigned to those cases as described below.

**Process – Assigned to ADAs**

After the request has been entered into the Property Release Application, an email is generated and shortly thereafter is sent to the assigned ADA listing the defendant's name, docket number, the date the request was made, and the date the response is due. The email also has a link that will bring the ADA to the web-based portion of the Property Release Application and brief instructions for how to submit written responses. Once the ADA clicks the included link, they are able to access the list of items requested by the claimant and select whether to issue a release or to defer release for each item. Once the selections are made, the system provides links to generate the appropriate form(s). After the ADA ensures that all the information on the form is correct they click a button that says "save and print," at which time a printable PDF is generated and is also saved into the BXDA Case Tracking system. The ADA then signs the printed forms and submits them to the Property Release Unit window either in person, via email, or through inter-office mail.

**Process – Asset Forfeiture**

The Property Release Application has been programmed to send the generated emails only to an Asset Forfeiture Unit ADA any time money is requested. Once that ADA receives the

email, she determines whether the money being requested is subject to forfeiture, i.e., whether a stipulation of forfeiture agreement has been signed, whether a forfeiture action is filed, or whether the currency was or is the subject of a federal forfeiture proceeding. Where the money is the subject of a forfeiture stipulation or forfeiture proceeding, a written explanation is provided on a deferral form and copies of relevant supporting documentation are attached including any case identifying information. In situations where the asset requested meets the criteria for a state forfeiture action pursuant to CPLR Article 13A but has not been subject to forfeiture, the Asset Forfeiture Unit may commence a forfeiture action and will provide the supporting documentation attached to the accompanying deferral within the 15 day period provided by RCNY § 12-34. If there is no forfeiture action, the Asset Forfeiture Unit ADA forwards an email to the assigned ADA to make their own determination whether to release or defer the subject property. Again, only ADAs in the Asset Forfeiture Unit or the Property Release Unit have the authority or the ability to issue a deferral form for forfeiture reasons, with a written explanation that includes any identifying case information and any available documentation.

## Property Release Unit – Weekly Monitoring & Monthly Reports

The Property Release Unit ADA maintains compliance with the requirements of 38 RCNY §12-34 by monitoring a queue of all pending requests and making necessary contact with the assigned ADAs. The day that a vehicle request is made, the Property Release Unit ADA sends an email to the assigned ADA to ensure that they know that the requested item is a vehicle and thus the deadline to respond is 7 days. If those requests are not responded to beforehand, a reminder email is sent around the 5th day after the request was submitted. For all other requests, ADAs receive a first reminder on the 7th day after the request was submitted, with a second follow up being sent around the 11th day which will also be sent to that ADA's direct supervisors. When necessary, phone calls are made around the 14th day. During instances where the ADA is temporarily out of the office, or the request was made regarding a case handled by a former ADA, the Property Release Unit works with that ADA's supervisors to determine the appropriate response to the pending request.

When a claimant makes a request for supervisor review of a deferral, the Property Release Unit ADA coordinates both with the assigned ADA and their supervisors to make to the appropriate determination about the property within the 10 day statutory timeline. As supervisor review requests are currently not maintained by the Property Release Application, all hard copies are retained both by the Property Release Unit ADA and the Property Release Unit window to ensure clear records of both the requests and the responses are available.

Once a month, the Property Release Unit ADA uses the Property Release Application to generate an excel spreadsheet of data detailing all requests received over the past month. These spreadsheets show all necessary case identifiers, information about how many items were

requested, how many of those items were released or deferred, who responded to the request, and the date of the response.  After analyzing the data, the Property Release Unit ADA writes a report compiling the data into statistical evidence in order to show the Bronx District Attorney's Office compliance with the statutory requirements of 38 RCNY §12-34.

**Attached Property Release Documents**

1. **Request Form**
2. **Email Generated by BXDA Property Release Application**
3. **Sample District Attorney's Release Form**
4. **Sample District Attorney's Release of Stolen Property Form**
5. **Sample District Attorney's Property Release Deferment Form**
6. **Request for Supervisor Review of Property Release Deferral Form**



# OFFICE OF THE DISTRICT ATTORNEY, Bronx County

Darcel D. Clark                    198 East 161st Street                    718-590-2000
District Attorney                  Bronx New York 10451

## CLAIMANT'S REQUEST FOR DISTRICT ATTORNEY'S RELEASE

This is a request for a letter from the District Attorney's office, stating that certain property is no longer needed as evidence. The release or a letter detailing any impediments to the issuance of a release will be made available within 15 days, **or 7 days if the property requested is a vehicle,** of the receipt of this notification by the District Attorney's Office at the Property Unit on the 4th floor of 215 East 161st Street.

## ** PLEASE PRINT ALL OF THE FOLLOWING INFORMATION**
### REQUESTOR INFORMATION

Last Name: _____ First Name: _____

Address: _____

_____

☐ Photo ID Provided.   Type: _____

Submitted by: _____

Last Name: _____ First Name: _____

(If person making request is someone other than the claimant, a notarized letter from the claimant authorizing this person to act on his/her behalf MUST be provided when picking up the written response to this request.)

**The claimant is/was a defendant in the case of:**

People v. _____ Arrest/Docket/Indictment #_____

Co-Defendant _____ Arrest/Docket/Indictment #_____

Co-Defendant _____ Arrest/Docket/Indictment #_____

Co-Defendant _____ Arrest/Docket/Indictment #_____

**I am seeking the release of the following property that was taken from the above named claimant, on or about_____ (Date)**

Voucher Number _____ Item Number(s)_____

Voucher Number _____ Item Number(s)_____

Voucher Number _____ Item Number(s)_____

Voucher Number _____ Item Number(s)_____

Voucher Number _____ Item Number(s)_____

Have you made a requests for this property before?

☐ YES   ☐ NO

Is a copy of the voucher(s) attached?   ☐ YES   ☐ NO

If a copy of the voucher is not attached, describe the property and explain why the voucher is not

_____

The status of the case is   ☐ OPEN   ☐ CLOSED (No longer pending in court)

A False statement made herein is punishable as a class A misdemeanor under New York Penal Law section 210.45.

☐ Refused to Sign

☐ Received by Mail

☐ Incarcerated

_____          _____
Signature                                          Print Name

NOTE: Failure to provide the information requested above may result in delay in processing your request
File#_____

rev. 01/2018

-----Original Message-----
From: REQUESTOR@bronxda.nyc.gov
Sent: Tuesday, May 16, 2017 6:17 AM
To: ASSIGNED ADA (BronxDA)
Subject: Property Release Request was Filed

Defendant: LASTNAME, FIRSTNAME
Docket#/Arrest# 2017BX000000

Filing Date: 05/16/2017
Due Date: 05/30/2017

http://bxdawebapp/PR/Default.aspx?docketNum=2017BX000000

Please fill out, print, and sign either the deferral or release form and send the completed form to
▮▮▮▮▮▮ in Property on the 4th Fl. of the Crim. Ct building via email (▮▮▮▮@bronxda.nyc.gov),
interoffice mail, or delivered in person.



# OFFICE OF THE DISTRICT ATTORNEY, BRONX COUNTY

Darcel D. Clark
District Attorney

198 East 161st Street
Bronx New York 10451
www.bronxda.nyc.gov

(718) 590-2000

## DISTRICT ATTORNEY'S RELEASE

To ████████████ with Docket/Arrest Number ████████████

The Office of the Bronx District Attorney, County of Bronx, hereby states that the following property is no longer needed for evidence.

Property Clerk Voucher Number: ████████

Item Number: 1                    Property Description ████████████

A District Attorney's Release is not to be construed as a statement by the District Attorney as to the possessory rights to the property of any person, including the claimant.

Signature: _____

Print Name: ████████████

Any questions about the Property Release should be directed to the Property Release Unit at 718-838-6615.

*** Property Release is not valid without District Attorney's timestamp.

Date: 11/21/2016



# OFFICE OF THE DISTRICT ATTORNEY, BRONX COUNTY

Darcel D. Clark
District Attorney

198 East 161st Street
Bronx New York 10451
www.bronxda.nyc.gov

(718) 590-2000

## DISTRICT ATTORNEY'S RELEASE
Release of Stolen Property 450.10 P.L. Application-statement

THE PEOPLE OF THE STATE OF NEW YORK vs. Defendant ▇▇▇▇▇▇▇▇▇▇▇

Docket/Indictment Number: ▇▇▇▇▇▇▇▇▇

Property Clerk Voucher Number ▇▇▇▇▇▇▇▇

Item Number: 1          Property Description ▇▇▇▇▇▇▇▇

Claimant: ▇▇▇▇▇▇▇          Date: **10/28/2016**

## STATE OF NEW YORK
### County of Bronx

I, the claimant named above, being duly sworn deposes and say that I am the owner of the property specified above. That upon information and belief, that the property is currently in the charge of the Property Clerk of the Police Department of the City of New York. That no previous application or the relief sought herein has been made by me.

Wherefore, I respectfully request the aforesaid Property Clerk to deliver the property to me, without costs, upon such demand.

Sworn to be before me this _____ day of _____, 20 _____

Notary Public _____          Claimant _____

I, ▇▇▇▇▇▇▇▇▇ an Assistant District Attorney of the County of the Bronx, named above, state, for the District Attorney of that County, that I do not deem the temporary retention of the property specified above necessary in furtherance of justice, that I am satisfied that the claimant named above is the true owner of that property and that I have no reason to believe that the afore going statement of the claimant is inaccurate in any respect.

Date: 10/28/2016          Assistant District Attorney: _____



# OFFICE OF THE DISTRICT ATTORNEY, BRONX COUNTY

Darcel D. Clark
District Attorney

198 East 161st Street
Bronx New York 10451
www.bronxda.nyc.gov

(718) 590-2000

## PROPERTY RELEASE DEFERMENT
## Assistant District Attorney

I, Assistant District Attorney ▮▮▮▮▮▮▮▮▮ am unable to accommodate your request, at this time, for the release of property under voucher number(s):

Property Clerk Voucher Number: ▮▮▮▮▮▮

Item Number ▮  Property Description: ▮▮▮▮▮▮▮▮

to ▮▮▮▮▮▮▮ with Docket/Arrest Number ▮▮▮▮▮▮ for the following reason(s):

**(Select all that apply)**

☑ **The case is still pending against defendant.**

☐ **Co-defendant's case is still pending.**

☐ **The time for appeal has not expired.**

☐ **A collateral attack or notice of collateral attack will be commenced.**

☐ **The case is pending further investigation.**

**When the above referenced impediment to issuing a property release is removed, a release will promptly be issued to you.**

Date: ▮▮▮▮▮  Signature: ▮▮▮▮▮▮▮▮▮▮▮

Any questions about the Property Release should be directed to the Property Release Unit at 718-838-6615.
NOTE: Pursuant to 38 RCNY §12-34(e), you may request that a supervising Assistant District Attorney review this deferment determination. Please submit that request with the Property Release Unit located on the 4th Floor of the Criminal Court building (215 East 161st Street)



**OFFICE OF THE DISTRICT ATTORNEY, Bronx County**

---

DARCEL D. CLARK
*District Attorney*

198 East 161st Street
Bronx, New York 10451

(718) 590-2000

## Request for Supervisor Review of Property Release Deferral

Name: _____

Address: _____

_____

Docket #: _____

Voucher #: _____

Property description: _____

Reason for deferral: _____

I, _____, request that a supervising Assistant District Attorney review the previous determination to defer the issuance of a District Attorney's release of the property listed above. I understand that the supervising Assistant District Attorney has ten (10) days to review the previous deferral before making their determination.

_____
Date

_____
Signature

# EXHIBIT B

Patrol Guide Section 208-03 currently reads:

12.  Have the following property removed from prisoner:
  a.  Unlawfully carried
  b.  Required as evidence
  c.  Lawfully carried, but dangerous to life or would facilitate escape
  d.  Can be used to deface or damage property
  e.  Personal, except clothing, if prisoner is intoxicated or unconscious
  f.  Press Card issued by this Department
      (1)  Forward card to Deputy Commissioner, Public Information, with report of facts.

Section (e) of the above would be re-written to say "Personal, except clothing, _ONLY_ if the prisoner is intoxicated or unconscious"

# EXHIBIT C



**DATE:** 01/16/2018
**TIME:** 19:14:30
**SER#:** 28823965

# FINEST MESSAGE
## General Administrative Information

ALL MOS ARE REMINDED THAT THE BELOW PROCEDURE, AS OUTLINED IN THE RULES OF THE CITY OF NEW YORK SECTION 12-32, MUST BE FOLLOWED WHEN VOUCHERING SEIZED PROPERTY:

(A) CREATE AN INVENTORY OF THE PROPERTY SEIZED IN THE FORM OF A VOUCHER. THE VOUCHER MUST BE ISSUED TO THE PERSON FROM WHOM THE PROPERTY WAS SEIZED AS A RECEIPT FOR THE ITEMS TAKEN. THE VOUCHER MUST CONTAIN THE NAME OF THE PERSON, A COMPLETE ITEMIZED LIST OF ALL NON-CONTRABAND PROPERTY TAKEN, AND A BRIEF DESCRIPTION OF THE PROPERTY.

(B) THE PERSON MUST BE GIVEN AN OPPORTUNITY TO EXAMINE THE VOUCHER, AND IF THEY FIND THE ITEMIZED LIST TO BE CORRECT, THEY SHOULD SIGN THE VOUCHER TO ACKNOWLEDGE THE LIST OF PROPERTY TAKEN. THE PERSON MUST BE INFORMED THAT IF HE OR SHE BELIEVES ANY ADDITIONAL NON-CONTRABAND PROPERTY WAS TAKEN FROM HIS OR HER PERSON OR FROM HIS OR HER POSSESSION, OR IF HE OR SHE BELIEVES THAT PROPERTY WAS ERRONEOUSLY VOUCHERED TO HIM OR HER, HE OR SHE MAY SO INDICATE ON THE VOUCHER. THE ARRESTING OFFICER MAY SIGN THE VOUCHER INDICATING HIS OR HER CONCURRENCE WITH THE LIST OF ITEMS OR ANY DISAGREEMENT.

(C) A VOUCHER MUST BE ISSUED AT THE TIME OF ARREST FOR PROPERTY TAKEN OR, REGARDLESS OF WHETHER THE PROPERTY HAS BEEN CLASSIFIED AS "ARREST EVIDENCE" OR OTHERWISE, AND REGARDLESS OF WHETHER THE ARREST IS PRIOR TO, SIMULTANEOUS WITH, OR SUBSEQUENT TO THE TAKING OR OBTAINING OF THE PROPERTY.

THE ISSUANCE OF THE VOUCHER AT THE TIME OF ARREST SHOULD BE NO LATER THAN THE ISSUANCE OF A DESK APPEARANCE TICKET OR AT ARRAIGNMENT.

FURTHER, PATROL GUIDE SECTION 218-19(6) SPECIFIES THAT FOR ALL PROPERTY/VEHICLES TAKEN INTO POLICE CUSTODY, THE "ADA COPY" OF THE APPROPRIATE INVOICE SHOULD BE ATTACHED TO THE DESK APPEARANCE TICKET OR BROUGHT TO COURT AND PRESENTED TO THE ASSISTANT DISTRICT ATTORNEY IN CASES WHERE NO DAT IS ISSUED.

ADDITIONALLY, ALL MOS ARE REMINDED THAT IDENTIFICATION DOCUMENTS SHOULD ONLY BE VOUCHERED WHEN A PRISONER IS UNCONSCIOUS OR INTOXICATED, OR IF THE DOCUMENTS ARE RELATIVE TO THE CRIME CHARGED.

ADMN - SER#: 28823965

# EXHIBIT D

PCD# 2017-219
SSB# 17-1269

**POLICE DEPARTMENT
CITY OF NEW YORK**

November 30, 2017

From:      Commanding Officer, Property Clerk Division

To:        Deputy Commissioner, Support Services Bureau

Subject:   **REVISED PROCEDURES FOR CLAIMING PROPERTY
           RECOMMENDATIONS AND/OR COMMENTS**

1.  Upon further review, the Property Clerk Division recommendations are as follows:

    • An employee of attorney firm must submit a signed written request on an official
      letterhead stating that they represent the individual from whom the property was taken or
      the lawful owner of the property.

    • A single valid government issued photo identification bearing the appropriate name
      and address or two (2) forms of identifications (photo and non-photo) of the claimant
      shall be sufficient proof of identity (As per PCD Admin Memo # 2015-13).

    • In circumstances where a claimant seeks the return of seized property and a claimant's
      proof of identity has been vouchered, individuals working in property retrieval roles of
      the NYPD Property Clerk must retrieve the proof of identity from the inventory bags
      to attempt to verify the claimant's identity. If verified, that ID will constitute sufficient
      proof of identity.

2.  For your information.

Thomas Scollan
Inspector

TS/tc

SSB RCVD'17DEC1 12:44

SSB# <u>17-1269A</u>
LB# <u>2295-2017</u>
DCLM# <u>659/2017</u>
PCD# <u>2017-219</u>

### FOURTH ENDORSEMENT

Deputy Commissioner, Support Services Bureau to Deputy Commissioner, Legal Matters, January 18, 2018.  Contents noted.  Concur with the revision recommended by the Deputy Commissioner, Legal Matters to comply with the terms with a settlement of Encarnacion v. The City of New York, 16-cv-156, regarding the revised procedures for claiming property from all Property Clerk locations:

"If a person submits a written request signed by an attorney for a copy of their client's voucher, a copy of a voucher shall be provided.  The attorney must state in writing that they represent the individual form whom the property was taken or the lawful owner of the property."

For your **REVIEW** and **CONSIDERATION**.

Robert S. Martinez
Deputy Commissioner

RSM/ra
C: C.O., PCD

# EXHIBIT E



**DATE:** 01/16/2018
**TIME:** 19:17:00
**SER#:** 28823983

# FINEST MESSAGE
## General Administrative Information

ALL COMMANDS ARE REMINDED OF THE DEPARTMENT'S OBLIGATION UNDER THE RULES OF
THE CITY OF NEW YORK, TO PROVIDE INFORMATION REGARDING THE PROCEDURE
CONTROLLING THE RETENTION AND RECLAIMING OF PROPERTY IN THE CUSTODY OF THE
DEPARTMENT.

AT EACH STATION HOUSE, EACH FACILITY MAINTAINED BY THE PROPERTY CLERK, THE
HOLDING AREAS OF ALL STATION HOUSES, IN ALL CENTRAL BOOKING FACILITIES WITHIN
THE CITY, AND IN EACH COURTHOUSE HOLDING AREA WITHIN THE CITY THAT IS WITHIN
THE CONTROL OF THE POLICE DEPARTMENT, THE DEPARTMENT SHALL POST NOTICES OF
PROCEDURE CONTROLLING THE RETENTION AND RECLAIMING OF PROPERTY IN THE CUSTODY
OF THE DEPARTMENT IN NO SMALLER THAN 24-POINT TYPE.  THIS NOTICE EXISTS AS
INDEX NO. 2158 (SP374) AND IN SPANISH AS INDEX NO. 2159 (SP375) AVAILABLE FROM
THE QUARTERMASTER.

FURTHER, IN THE EVENT AN INDIVIDUAL FROM WHO PROPERTY WAS TAKEN OR WHOM IS THE
OWNER OF PROPERTY THAT HAS BEEN TAKEN REQUESTS A COPY OF A VOUCHER FOR SAID
PROPERTY A COPY SHOULD BE PROVIDED TO THAT INDIVIDUAL UPON REQUEST.

ANY QUESTIONS ABOUT THIS FINEST MESSAGE CAN BE DIRECTED TO AGENCY ATTORNEY
MATTHEW RUSSO, LEGAL BUREAU, AT (917) 454-1170.

*** TO BE POSTED IN A CONSPICUOUS LOCATION WITHIN EACH COMMAND FOR THE BENEFIT
OF MEMBERS OF THE SERVICE. ***

AUTHORITY: DEPUTY COMMISSIONER, LEGAL MATTERS
OPERATOR: LT. CORBETT

ADMN – SER#: 28823983