L411ENCC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

VICTOR ENCARNACION, et al.,

              Plaintiffs,

         v.                            16 Civ. 156 (DLC)

CITY OF NEW YORK,

              Defendant.               Remote Conference
------------------------------x
                                       April 1, 2021
                                       11:10 a.m.
Before:

                  HON. DENISE COTE,

                                       District Judge

                       APPEARANCES

THE BRONX DEFENDERS
     Attorneys for Plaintiffs
BY:  NIJI JAIN, ESQ.
     JENNIFER R. BORCHETTA, ESQ.
     ADAM N. SHOOP, ESQ.

NEW YORK CITY LAW DEPARTMENT
OFFICE OF THE CORPORATION COUNSEL
     Attorneys for Defendant
BY:  SAMANTHA M. SCHONFELD, Assistant Corporation Counsel
     SHERRILL KURLAND, Assistant Corporation Counsel

ALSO PRESENT:  MATTHEW R. RUSSO, Agency Attorney
               Legal Bureau, NYPD
```

1              (Case called)
2              THE COURT:  For the plaintiffs?
3              MS. JAIN:  Good morning, your Honor.  Niji Jain from
4     the Bronx Defenders for the plaintiffs.
5              THE COURT:  Thank you.
6              And for defendants?
7              MS. SCHONFELD:  Good morning, your Honor.  Samantha
8     Schonfeld, assistant corp counsel, for the defendants.
9              THE COURT:  Thank you.
10             I'm going to ask everyone to mute their phone or their
11    audio if they are not speaking so we don't have feedback.
12    Thank you.
13             I have a motion from the plaintiffs for an extension
14    of one year from the date of my decision on this motion of a
15    settlement agreement between the city and the plaintiffs and an
16    amendment to the settlement agreement that would impose upon
17    the city the duty to demonstrate that it has achieved
18    compliance with the goals of the underlying settlement
19    agreement.  The agreement had a two-year term, and that expired
20    on February 8, 2020.  It was extended on consent, however, and
21    expired effectively on October 31, 2020.
22             So I reviewed the papers submitted by counsel.  I
23    think I'm ready to rule on the motion, but I wanted to give
24    counsel an opportunity to add anything they wish to say in
25    connection with this application.

Case 1:16-cv-00156-DLC   Document 112   Filed 05/04/21   Page 3 of 13    3
L411ENCC

Ms. Jain, is there anything that you wanted to add?

MS. JAIN: Thank you, your Honor. Yes. I wanted to add that in our view, the request that we've made for the year extension plus the obligation to demonstrate compliance is not an amendment to the settlement but in fact core within what the settlement already requires, because paragraph 16 of the settlement agreement imposes upon the government a duty to take all steps necessary to ensure compliance, and specifically implement policies, procedures, training, supervision, monitoring, and discipline sufficient to ensure compliance with their obligations. As demonstrated in the motion, plaintiffs have brought forward evidence that defendants are not living up to that obligation, and the request is simply to force them to comply with what is already required under the settlement agreement; in other words, it's a remedy that's well within the bounds of what they're already obligated to do under the agreement.

THE COURT: Well, I certainly understand, Ms. Jain, your position that it's within the spirit of the agreement, but you're not suggesting it's within the four corners of the agreement as presently written.

MS. JAIN: Your Honor, the agreement says that the NYPD is obligated to deliver a voucher to an individual at the stated time absent extraordinary circumstances, and here, what we have seen is a pattern of people not receiving those

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

vouchers regardless of, you know, what the circumstances are, and that failure is explicitly what they were required to remedy under the agreement itself, and so because the agreement requires them to take the steps necessary to ensure compliance, what we're asking for now is an order from the Court directing them to take the steps necessary to ensure compliance. We believe it's consistent within the terms of the agreement.

THE COURT: Okay. I'm looking at paragraph 16, and do you see in paragraph 16, or any other portion of the agreement that you'd like me to look at, that the city has an obligation to demonstrate compliance has been achieved?

MS. JAIN: Your Honor, I think the line within paragraph 16 that says that the NYPD shall implement monitoring -- policies, procedures, etc., and monitoring sufficient to ensure compliance, that monitoring is something that is part and parcel of their obligation, to monitor in a way that ensures compliance. Yes, that's what I would point to.

THE COURT: Great. So I'll focus on the word "monitoring," and of course I have in mind the submissions that the parties have made with respect to this motion.

Anything else you wanted to say, Ms. Jain?

MS. JAIN: I would just add that if the NYPD is actually monitoring their voucher delivery and they're actually in compliance with the settlement agreement, as they represent

1  that they are, then they have had every opportunity to
2  demonstrate that, both to the plaintiffs in the course of the
3  three years that we've been working on this, and directly to
4  the Court in its opposition to this remedy, and indeed, if the
5  NYPD can show its compliance, then it really has no reason to
6  oppose the remedy that we seek, which is simply to demonstrate
7  that.
8       THE COURT:  Now I did not see in the settlement
9  agreement any duty imposed upon the defendant to make reports
10 to the plaintiffs or to the Court.  Did I overlook something?
11      MS. JAIN:  No, your Honor.  The spirit of the
12 settlement was set up so that the parties would have
13 flexibility to work together through the working group that had
14 been set up, and it was contemplated that through that working
15 group, the parties would be able to exchange information around
16 compliance and then work collaboratively to troubleshoot
17 problems that came up -- for example, this exact problem -- and
18 we attempted to work together with defendant, but they were not
19 willing to implement additional reforms when it became clear
20 that there were still compliance issues.
21      THE COURT:  Now I believe I remember reading in the
22 city's papers that they had offered to continue those working
23 group meetings.  Are the plaintiffs willing to continue to
24 participate in the working group meetings outside the structure
25 of the settlement?

1      MS. JAIN: Yes, your Honor. Absolutely. And in fact,
2 during the course of the last several months, the plaintiffs in
3 fact requested a meeting of the working group and defendant
4 declined to meet with us, citing the pending motion, but we are
5 very much interested in going forward with those working group
6 meetings, and what we are seeking is the additional structure
7 and supervision of a court order to ensure that the defendant
8 is actually taking the steps necessary and sharing information
9 as appropriate.
10     THE COURT: Thank you very much, Ms. Jain.
11     Ms. Schonfeld.
12     MS. SCHONFELD: Thank you, your Honor.
13     We agree with the Court's characterization of
14 plaintiffs' request as one for an amendment to the settlement
15 stipulation, and plaintiffs' request that defendants show
16 compliance and put forth evidence of compliance is not within
17 the four corners of the stipulation, as your Honor previously
18 stated.
19     The city defendants are in compliance. We've taken
20 steps; we've conducted departmentwide training; we continue to
21 conduct Quality Assurance Division (QAD) audits on a monthly
22 basis, and that is continuing going forward since the
23 expiration of the settlement; the department issued Finest
24 Messages; we've participated in numerous working group sessions
25 with the plaintiffs and have troubleshooted issues that have

come up regarding individual unordinary circumstances, etc.  So we don't see any evidence of systemic noncompliance.  We have not gotten any complaints from any other boroughs to suggest that there is systemic noncompliance with the stipulation and with voucher delivery policies and procedures, so the city maintains that we are in fact in compliance with the terms of the stipulation as signed by the parties back in 2018.

And that's all, your Honor.

THE COURT:  So plaintiffs -- would everyone please mute their phones if you're not speaking.

Plaintiffs' counsel has focused on the word "monitoring" in paragraph 16, Ms. Schonfeld.  Could you please -- and if you could speak slowly.  There seems to be an echo, and it's probably hard for the court reporter to capture everything that's being said.  If you could focus specifically on what the city has or hasn't done to monitor, as required in paragraph 16.

MS. SCHONFELD:  Sure, your Honor.

So as I said before, the police department continues to monitor voucher delivery and voucher compliance through the ongoing Quality Assurance Division audits.  Pursuant to the stipulation, I believe that the police department was only supposed to, or only required to conduct these audits on a monthly basis.  In practice, we are actually conducting them generally on a monthly basis, and that's how the city is

1   monitoring their compliance.

2   THE COURT: So Ms. Schonfeld, if you could mute your
3   audio.

4   Ms. Schonfeld, I think you meant to say that the
5   agreement only required auditing on a quarterly basis but
6   instead you're doing it on a monthly basis. Did I understand
7   correctly?

8   MS. SCHONFELD: Yes, Judge. Yes, Judge.

9   THE COURT: Thank you.

10   So let me finally ask the city, are you willing to
11   continue with the informal working group meetings with
12   plaintiffs' counsel to try to troubleshoot any problems on an
13   ongoing basis?

14   MS. SCHONFELD: Of course, your Honor, and as we said
15   in our papers, we offered that to plaintiffs originally, but
16   they declined. They wanted the Court's jurisdiction to
17   continue. But the city is open to continuing the working
18   groups on a quarterly basis to troubleshoot any issues.

19   And that's all.

20   THE COURT: Thank you.

21   So counsel, I want to begin by, again, commending
22   you -- both the plaintiffs and the city -- for working
23   cooperatively together on this important issue and arriving at
24   a settlement agreement a few years ago that I think was to the
25   benefit of one and all. All of the citizens of New York City

1   have benefited by your resolution of this underlying
2   litigation, setting up new procedures to make sure arrested
3   people have vouchers provided to them or their counsel in a
4   timely way that permits them to retrieve personal property that
5   is not subject to seizure as part of the underlying criminal
6   case, whatever that might be.  And of course as I remember it,
7   this case was focused on perceived deficiencies in the Bronx,
8   but we're one city, and the NYPD's revisions of its practices
9   and policies have been enacted throughout the city, so to the
10  extent improvements have been made, they've benefited all five
11  boroughs and all people arrested within the five boroughs, and
12  you have my congratulations on that positive approach to this
13  litigation and that improvement of outcomes for one and all.
14          Sadly, we've all been affected in the city by a
15  pandemic, a global pandemic, and so one of the procedures --
16  not required by the consent decree, or the settlement
17  agreement, but that grew out of your discussions, as I
18  understand it -- was going to be a computerized system, but the
19  pandemic has interfered with perhaps the funding of and
20  certainly with the implementation of that.  It wasn't required,
21  but it would have been certainly to the benefit of one and all,
22  and I include the city and the police department in that.  The
23  computerized procedures would have made it possible I think to
24  provide more effective notice with less burden, if that had
25  been able to be achieved; but sadly, it hasn't.  I think the

1    pandemic has probably interfered with everyone's ability to
2    wrap up this litigation in the way that was initially
3    contemplated, as it has interfered with so much in life.  And
4    we've all had to be flexible and creative and use common sense
5    as we respond to a pandemic in every aspect of our lives, but
6    certainly professionally too, in our workplace and in what we
7    hope to achieve for litigants and litigators.  And I speak
8    frankly as a member of our court.  I know firsthand how many
9    new procedures had to be created, how much effort had to be put
10   into thinking through how to continue our work in a radically
11   changed environment.
12            So let me turn, with those preliminary remarks behind
13   me, to the specific issue.  And again, there is a request here
14   that I extend the settlement agreement for one year from today
15   and that I impose a duty on the city to demonstrate that it has
16   achieved compliance with the goals of the settlement agreement.
17   I find that that request would require me to impose on the city
18   an obligation that is not presently contained within the four
19   corners of the settlement agreement.  And I focus in particular
20   on paragraph 16, as the plaintiffs have asked me to do so, and
21   particularly on the word "monitoring."  I don't think there's
22   any dispute that the auditing process is ongoing, as described
23   in the defendant's papers, but that is separate from a duty to
24   demonstrate to the plaintiffs or the Court that compliance has
25   been achieved.

Let me turn to some principles of law that will govern my ruling on this request.

Obviously the terms of the settlement agreement are governed by the four corners of the agreement, and for me to revise the agreement as requested here, the plaintiff would have a duty to show that there was a breach of the underlying agreement. And in assessing whether or not there has been a breach, I have to apply what is the ordinary breach of contract principles that we're all familiar with under New York law. And I cite for that principle *Fisher*, 948 F.3d at 605. And as a result, I cannot alter the terms of the agreement absent a material breach or other special circumstances. And I cite for that proposition the Second Circuit case in *Manning*, 299 F.3d at 164.

The plaintiffs have explicitly rejected the notion that they are seeking a finding from me that the city has been in contempt of this Court. A contempt finding would require proof of noncompliance with the agreement. That proof would have to be by clear and convincing evidence or proof that the city had not acted diligently in attempting to comply in a reasonable manner with the requirements of the agreement. I cite for that proposition *CBS*, 814 F.3d at 98.

The plaintiffs have relied on informal surveys -- one conducted in early 2019; another conducted in the fall of 2019. Of course the first survey was conducted before much of the

1     training and implementation had been undertaken by the city,

2     which happened between February and September of 2019.  So it

3     is the second survey, which ran roughly over a two-week period,

4     as I understand it, in the Bronx in the fall of 2019, that is

5     most apt.  However, the plaintiffs haven't shown that their

6     survey evidence would be admissible.  They have not shown that

7     it would be sufficiently reliable for me to make a finding that

8     there has been a breach.  And the law with respect to

9     admissibility of survey evidence is set forth in, among other

10    places, the Second Circuit decision in *Schering*, 189 F.3d at

11    225.

12         So I'm going to deny the motion for the request of an

13    extension of the settlement agreement and for an amendment of

14    the settlement agreement to impose upon the city an additional

15    duty that it demonstrate compliance.

16         That said, I'm very heartened to hear that both the

17    plaintiffs and the city wish to continue working together in

18    the working group process.  I'm hopeful that that will

19    eliminate any remaining problems, or help to reduce them, and

20    of course it's much in the city's interest that it complies

21    fully with the law and that there be no systemic violation of

22    the law.  Individual problems may arise.  That's to be expected

23    in life.  No system is perfect; no institution is perfect.  But

24    there should not be widespread noncompliance with the law going

25    forward, and if the city fails to comply, it runs the risk, of

1  course, again of another lawsuit and another request for
2  another consent decree.  So it is in everyone's interest here
3  that the law be complied with; certainly in the interests of
4  the citizens of the city of New York.
5           I want to thank counsel again for your cooperation
6  with each other and for working so creatively on behalf of all
7  citizens to address this important issue.  Thank you.
8           I hope everyone stays well and as safe as possible in
9  the circumstances.  Thank you very much.
10          ALL COUNSEL:  Thank you, your Honor.
11                              o0o
12
13
14
15
16
17
18
19
20
21
22
23
24
25